# Margaret S. Custer *v.* The School District of the Borough of Prospect Park, Appellant.

*School board—Powers in dismissing teachers—Question for jury.*

Where the minutes of a school board do not disclose that the revocation of a teacher's appointment was based upon a charge of incompetency, cruelty, negligence, or immorality, the question of the validity of a dismissal is the proper subject of inquiry by court and jury.

*Evidence—Admission of letter—Res gestæ.*

The point at issue being whether a teacher, discharged by a school board, had after appointment deceitfully applied for another position pending her engagement, a letter is clearly admissible to show that the application antedated her appointment by defendants and her acceptance thereof, as rebutting allegations of deceit on part of plaintiff.

*Charge of court—Failure to give categorical answer to point— When not reversible error.*

The appellate court will not reverse for failure categorically to answer a point when the substance of the answer was responsive and as given could do the appellant no harm.

Argued Nov. 21, 1899.   Appeal, No. 29, Oct. T., 1899, by defendant, from judgment of C. P. Delaware Co., March T.,

1898, No. 16, on verdict for plaintiff. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Opinion by W. W. PORTER, J.

Assumpsit. Before CLAYTON, P. J.

It appears from the record and evidence that this suit was for salary as school teacher. The plaintiff was on June 2, 1896, appointed by the defendant as teacher in one of the public schools of the borough. She was notified of her appointment and on June 6, 1896, wrote the following letter:

"LLANWELLYN, PA.

" MR. HARRISON:

"Dear Friend: As my address is Llanwellyn, instead of Glenolden, your postal informing me of my re-appointment was not received for several days, hence my delay in not replying sooner.

"Kindly thanking you and the other members of the Board for the favor, and sincerely trusting that I may be able to perform my duty faithfully, I remain,

"Yours respectfully,

"June Sixth, Ninety-six.          MARGARET S. CUSTER."

Defendant testified that the said letter was construed by the board to be an acceptance of the engagement and the court so construed it. Subsequently the board, having learned of plaintiff's having made an application for tuition in the school at Lansdowne, canceled her appointment. The plaintiff sued for nine months' salary.

At the trial the court admitted in evidence, under objection of defendant, the following letter from the principal of the Lansdowne school:

["PROSPECT PARK SCHOOL BOARD:

"Gentlemen: I am very sorry that a misunderstanding has arisen among you in regard to the action of Miss Margaret Custer, and if you feel there has been any breach of courtesy, please censure me for it all and not Miss Custer, for she had no intention of treating you in any way but the most honorable manner, and neither did I wish to have you treated otherwise. Your feeling is all due to a misunderstanding.

"I was very anxious that Miss Custer should come to Lansdowne. For a time I thought we would have just the vacancy in which Miss Custer would fit, and at that time I urged her appointment, should the vacancy occur. The expected vacancy did not occur, consequently Miss Custer did not think it worth while to speak to you on the subject, as she had then no intention of leaving you.

"I feel responsible for the whole matter, consequently I hope you will not condemn Miss Custer.

"Yours very respectfully,
"H. EMILIE GROCE,
"Lansdowne, Pa.,   Principal Lansdowne High School.] [2]
"July 3, 1896."

[The court also permitted Miss Groce, under objection of defendant, to testify to the fact that she had notified plaintiff on June 3 that there was a chance to obtain the Lansdowne school, and that on June 4 she communicated to Miss Custer the fact that her application was rejected, as the position was filled.] [3]

The plaintiff submitted among others the following point:

[5. Unless the jury find that the defendants accorded the plaintiff a fair hearing before she was dismissed the action of the defendants was irregular and unjust and the verdict must be for the plaintiff. *Answer:* I say to you that their act was irregular and unjust if they did not give her a hearing,—if they did not inform her what the charges were that had been made against her and hear what she had to say. Now you have heard what they did; they did inform her, she called upon two of the directors, she had a pretty full hearing. They heard what she had to say and they said they repeated it to the board. But I say to you that if their action was unjust or irregular, that would entitle her to a verdict if it is proved here that she did not do something inconsistent with the duty of teaching, and I have already said that if she did offer her services to another district or another school it was inconsistent with her duty, for she had already contracted to give her services to this school district.] [4]

Defendants submitted among others the following points:

[2. If the jury believe that the plaintiff in writing the letter

of June 6, 1896, intended to mislead and deceive the defendant, and purposely worded it contrary to conscience and good faith, so that she could from its phraseology either affirm or deny that it was an acceptance, and the defendant believed that the plaintiff had thus purposely and contrary to good faith and conscience intended to mislead and deceive them, they had the right to annul her appointment, and their verdict should be for the defendant. *Answer :* Well, all I have to say upon that point, gentlemen, is that I have already charged you that she had accepted, that the effect of that letter was an acceptance, that they had the right to consider it as such, and no matter what was intended by her that it should be, it was an acceptance and she could not violate it.] [5]

[3. Under all the evidence the verdict should be for the defendant. *Answer :* That I decline.] [1]

Verdict and judgment for plaintiff for $385. Defendant appealed.

*Errors assigned* were (1, 4, 5) answers to points, reciting points and answers. (2, 3) To rulings on evidence, reciting same.

*Isaac Johnson*, for appellant.—In the case of McCrea v. Pine Township School District, 145 Pa. 550, it was held that under the Act of May 8, 1854, P. L. 617, sec. 23, clause 5, empowering boards of directors of the public schools to dismiss teachers for incompetency, cruelty, negligence or immorality, a school board, in exercising the jurisdiction thus conferred upon it, acts in a quasi-judicial capacity and is held merely to the observance of good faith. See also Whitehead v. School District, 145 Pa. 418.

*George T. Butler*, for appellee.

OPINION BY WILLIAM W. PORTER, J., December 11, 1899:

By the provisions of the act of May 8, 1854, a board of school directors have the power to dismiss a teacher for incompetency, cruelty, negligence or immorality. They have jurisdiction to pass upon any charge of the kinds named, and are held merely to the exercise of good faith in reaching their de-

termination. The action of the board, if it be properly entered upon the minutes in the form and manner required by the stat- ute in the case of a dismissal, is conclusive, unless the board can be shown to have acted corruptly or in bad faith, or to have clearly abused their powers: McCrea v. School District, 145 Pa. 550; Whitehead v. School District, 145 Pa. 418.

The plaintiff in this case was appointed to be a teacher. She replied to the notice of appointment by a letter which the court below construed to be an acceptance. Subsequently the appointment was revoked by the board. The minutes of their meeting do not disclose that the revocation was based upon a charge of incompetency, cruelty, negligence or immorality. The allegation of the defendants is that subsequent to her ap- pointment and acceptance the plaintiff sought employment in another school. They allege that this was a course so dishon- orable as to be immoral. On this ground they seek to justify the revocation of the appointment. The plaintiff denies that she made such application for employment after her acceptance of the appointment by the defendants, but explains that before her acceptance she did apply for another position, but hearing that it had been filled by another, she accepted the position tendered by the defendants.

The first assignment of error is that the court below erred in not directing a verdict as requested by the defendants. We find no error in this. The question that was submitted to the jury by the court below was: " Did this lady, after she had accepted this appointment, seek employment at higher wages and offer herself to other persons to perform the duties which she had contracted to perform for the defendants? If she did that, they had a right to revoke the appointment and employ some one that they could rely upon in her place." This stated the sub- stance of the dispute, and, being a matter of fact, it was prop- erly submitted to the jury.

The second assignment of error is to the admission in evi- dence of a letter written by a third party to the defendants, and received before their final action. The letter informed the defendants that the plaintiff had applied to the Lansdowne school board, and that the position applied for had been filled before the acceptance by the plaintiff of the position with the defendants. This letter was clearly admissible, as it tended

to show that the defendants had within their knowledge, from an independent source, information that the plaintiff had not applied for the position in the Lansdowne school after her acceptance of the defendants' appointment. The letter was also admissible as contradicting the testimony of one of the defendants, who asserted that he had never heard until the day of the trial that the plaintiff alleged that her application for other employment was before her acceptance to the defendants.

The third assignment is to the admission of the evidence of Miss Groce, the writer of the letter referred to in the second assignment. The objection was upon the ground that the witness could not testify to any conversation had in the absence of the plaintiff. The court below rightly ruled that her testimony was of a fact, namely, that she communicated to the plaintiff on a given day the information that the plaintiff's application to the Lansdowne school board had been rejected.

The answer of the court to the plaintiff's third point, which is made the subject of the fourth assignment, while not a categorical reply (to which, perhaps, the plaintiff was entitled), yet did the defendants no harm. In the course of the answer he says, in substance, that the defendants gave the plaintiff "a pretty full hearing," although at the same time saying that their act was irregular and unjust if they did not give her a hearing.

The fifth assignment is to the answer of the court to the defendants' second point. By it the court was asked to say that, if the jury believed that the plaintiff intended to deceive the defendants, and purposely wrote the letter "so that she could from its phraseology either affirm or deny that it was an acceptance," and that the defendants believed that the plaintiff did so intend, then the defendants had a right to annul her appointment. The trial judge had in the body of his charge and in his rulings held the letter to be an acceptance of the appointment. This ruling is not assigned as error. Having pronounced the document to be an acceptance the court was asked to affirm a point which involved an admission to the jury that the letter was open to a construction other than that put upon it by the court. On this ground the point was objectionable, and might have been refused. The answer by the court that the letter was an acceptance,

and that no matter what was intended by the plaintiff the jury had a right to consider it as an acceptance and the plaintiff could not violate it, was a reiteration of a statement made in the body of the charge which was certainly not injurious to the defendants.

The judgment is affirmed.