SCHOOL CITY OF EVANSVILLE *v.* CULVER.

[No. 14,572. Filed July 27, 1932.]

 

*Daniel H. Ortmeyer*, for appellant.

*Joseph H. Iglehart*, for appellee.

KIME, P. J.—Appellee brought this action against appellant to have vacated a resolution of the board of school trustees of appellant of July 24, 1931, in cancelling the indefinite contract of appellee as a permanent teacher in the public schools of appellant, and to recover the sum of $270.00 alleged to be due appellee from appellant for salary as a permanent teacher for the first month of the school year beginning September 8, 1931. Appellant filed a demurrer to appellee's complaint for want of facts. The demurrer was overruled, and upon appellant's refusal to plead further, judgment was rendered in favor of appellee. The error assigned relates to the action of the court in overruling the demurrer.

It appears from the facts set forth in the complaint that appellee was employed by appellant as a public school teacher for the year beginning September 2, 1930, at a salary of $2,700.00 for the school year, to be paid in ten equal monthly payments, said employment being evidenced by a written contract which was entered into on May 5, 1930. On July 13, 1931, the board of school trustees of appellant, pursuant to notice to appellee, held a hearing, at which appellee was present, to determine whether or not the permanent contract of appellee as such teacher should be cancelled. It was

further alleged that evidence was introduced at said hearing showing without contradiction that appellee holds a life license as a teacher, said license having been issued December 16, 1923, and that continuously prior to July 13, 1931, appellee served under contract as a teacher in the public schools of appellant for 30 years or more, and on said date was a permanent teacher of such school corporation; that appellee served under his contract of May 5, 1930, until the end of the school year beginning September 2, 1930, that no written contract was entered into between appellee and appellant after the contract of May 5, 1930; that appellee attained the age of 70 years on April 14, 1930. Evidence was also introduced at said hearing to the effect that appellant had a rule requiring all teachers to retire from service when they reach 70 years of age and that appellant refused to retire as required by said rule.

It was further alleged that the board of school trustees of appellant, at the conclusion of the hearing on July 13, 1931, took the matter under consideration until July 24, 1931, and on that date found appellee guilty of insubordination in that he wilfully refused to obey the reasonable rules prescribed for the government of the public schools of appellant, namely, the rule that every teacher must retire at the age of 70 years, and resolved that the contract between appellee and appellant was cancelled because of such insubordination. Appellee notified appellant in writing on September 5, 1931, that he was ready and willing to perform such services as were assigned him for the school year beginning September 8, 1931, which offer appellant refused. Appellee also made demand for one monthly instalment of salary which had become due under his alleged contract with appellant, and which appellant refused.

Appellant contends that its rule providing that all teachers, principals and supervisors must retire from

service when they reach 70 years of age is a reasonable rule prescribed for the government of its public schools, and that appellee was guilty of insubordination in that he wilfully refused to obey said rule, and that the indefinite contract of appellee as a permanent teacher was lawfully cancelled by its (appellant's) board of school trustees because of such insubordination.

On the other hand, appellee says that this rule is invalid and unreasonable, and cite that part of section 1 of the Acts of 1927, chapter 97; section 6967.1 Burns' Ann. St. Supp. 1929, which says in part that,

"any person who * * * shall serve under contract as a teacher in any school corporation * * * for five or more successive years, and who shall * * * enter into a teacher's contract for further service with such corporation, shall thereupon become a permanent teacher of such school corporation. * * * Upon the expiration of any contract between such school corporation and a permanent teacher, such contract shall be deemed to continue in effect for an indefinite period and shall be known as an indefinite contract. Such * * * contract shall remain in force unless succeeded by a new contract signed by both parties or unless it shall be cancelled as provided in section 2 of this act."

and further contend that such a rule tends to violate the spirit, purpose and terms of the above act, which is known as the Teachers' Tenure Law.

From the foregoing greatly abbreviated but, for present purposes, we think sufficient statement of the views of the respective parties, it is apparent that in the last analysis the question we are called upon to decide is this: Is appellant's rule requiring all teachers attaining the age of 70 years to retire from service a just and reasonable rule, and does it violate or conflict with the statute in question?

The Teachers' Tenure Law specifically enumerates the causes for which a teacher may be removed or dis-

missed, the said causes being incompetency, insubordination (which shall be deemed to mean a wilful refusal to obey the school laws of this state or reasonable rules prescribed for the government of the public schools of such corporation), neglect of duty, immorality, justifiable decrease in the number of teaching positions or other good and just cause, but may not be made for political or personal reasons. It is also provided that "the decision of the school board shall be final," and by reason of this provision appellant has also presented the question of whether the court below had jurisdiction of the subject-matter of this action.

In the very recent case of *School City of Elwood et al.* v. *State ex rel. Griffin et al.* (1932) 203 Ind. 626, 180 N. E. 471, which case is somewhat analogous to the case at bar, the school trustees attempted to cancel the indefinite contract of a teacher because of the fact that she was a married woman, and a resolution had been adopted to the effect that no married women should be employed as teachers in the Elwood schools. Quoting the language of the court therein, it was said, "Where the statute specifically enumerates the causes for which a teacher may be removed or dismissed, the teacher cannot be removed or dismissed for any other cause," citing *Kennedy* v. *San Francisco Bd. of Education* (1890) 82 Cal. 483, 22 P. 1042; *Butcher* v. *Charles* (1895) 95 Tenn. 532, 32 S. W. 631, "and, where the school board in removing or dismissing the teacher acted outside of its jurisdiction or power under the statute, the action of the board is not final, but is subject to the review of the courts", citing *Courtright* v. *Mapleton* (1927) 203 Iowa, 26, 212 N. W. 368; *Custer* v. *School District of Borough of Prospect Park* (1899) 12 Pa. Super. Ct. 102.

Appellant relies to some extent, in justification of its action, upon the words "other good and just cause."

Quoting further from the School City of Elwood case, *supra,* the court said, "If a teacher after marriage, becomes inefficient, impaired in her usefulness, neglectful or otherwise incapable of performing her duties as a teacher in a proper manner, then good reason—"other good and just cause"—would exist for her dismissal; but marriage, in itself (in the absence of a statutory provision to the contrary), does not constitute a good and just cause (as provided in the Teachers' Tenure Law) for the discharge of a teacher." The court then quoted the following language from the case of *Richards* v. *School Dist.* (1916) 78 Ore. 621, 153 Pac. 482, 485, L. R. A. 1916C, 789, Ann. Cas. 1917D, 266, wherein it was said: "It is impossible to know in advance whether the efficiency of any person will become impaired because of marriage, and a rule which assumes that all persons do become less competent because of marriage is unreasonable because such a regulation is purely arbitrary. If a teacher is just as competent and efficient after marriage, a dismissal because of marriage would be capricious. If a teacher is neglectful, incompetent, and inefficient, she ought to be discharged whether she is married or whether she is single." This language clearly expresses our views regarding the situation in the instant case, and we think that, by the same reasoning, the mere fact that a teacher attains the age of 70 years does not indicate that such teacher's competency or efficiency has been impaired. Appellant particularly stresses the fact that it did not cancel the contract of appellee for incompetency, but that the contract was cancelled for insubordination, consisting of a willful refusal to obey a reasonable rule prescribed for the government of the public schools, and contends that the fact that a permanent teacher has reached the age of 70 years is a good and just cause for the cancellation of his indefinite contract without regard to the question

of actual competency, and that, because the attainment of that age is a good and just cause for the cancellation of such contract without regard to the question of actual competency, a general rule providing for compulsory retirement at that age is a reasonable rule and that, because such a rule is a reasonable one, a willful refusal to obey such rule is insubordination within the meaning of the statute. With this contention we cannot agree. It is our opinion, and we believe that any fair reasoning would lead to the inevitable conclusion, that the 70 year retirement rule was created with the view that the efficiency or competency of teachers should not be impaired by the infirmities which quite often accompany old age, and it appears here that appellant has resorted to the charge of insubordination as a substitute for a charge of incompetency, in order to cancel the indefinite contract of appellee. At this point we might say that the complaint avers that appellee had a success grade of 96%, and no attempt was made to charge appellee with incompetency. Were appellee guilty of the latter, the statute affords appellant a remedy for the cancellation of the contract as this is specifically provided for in the act. We therefore hold that a refusal to comply with the rule requiring retirement at the age of 70 years is not such "other good and just cause" as would justify a cancellation of a teacher's indefinite contract, and further hold that such a rule is unreasonable, in that it indirectly attempts to establish a limit to the tenure of every teacher, and would not permit a permanent teacher's indefinite contract to continue in effect for an indefinite period, as provided by sec. 6967.1 *supra*.

As to the question of jurisdiction, we have but to say that school authorities do not have the right to determine finally and conclusively as to whether rules passed by them are reasonable or unreasonable. That question is one to be passed upon

by the courts. *Fertich* v. *Michener* (1887), 111 Ind. 472, 11 N. E. 605, 14 N. E. 68, 60 Am. Rep. 709; 24 R. C. L. 575; 56 C. J. 343.

We find no error in the overruling of appellant's demurrer to the complaint and the judgment of the Vanderburgh Superior Court is therefore in all things affirmed.