ABSHIRE ET AL., APPELLANTS *v.* SCHOOL DIST. NO. 1
OF SILVER BOW COUNTY ET AL., RESPONDENTS

No. 8985

Submitted July 12, 1950. Decided July 22, 1950.

220 Pac. (2d) 1058

Mr. Wellington D. Rankin, of Helena, Mr. William B. Free-

bourn, and Mr. Lewis F. Rotering, both of Butte, for appellants. Mr. Rankin and Mr. Freebourn argued orally.

Mr. Arnold H. Olsen, Atty. Gen., Mr. Louis E. Poppler, Asst. Atty. Gen., Mr. James D. Freebourn, County Atty., Mr. J. Frank Sullivan, Deputy County Atty., both of Butte, for respondents. Mr. Poppler argued orally.

MR. CHIEF JUSTICE ADAIR:

The Teachers' Retirement Act enacted by the 1937 legislative assembly (Ch. 87, Laws of 1937, pp. 215-241) as amended by Chapter 137, Laws of 1945, pp. 253-268, established a retirement system for the public school teachers of the state of Montana and declares the law governing the age for retirement.

*Permissive Retirement at 60.* The Act *permits* any member of the system who shall have attained the age of *sixty* and who has completed fifteen years of creditable service, the last ten years whereof shall have been in Montana, to voluntarily retire. The language employed is purely *permissive.* The law says such teacher *"may* retire." R. C. M. 1947, sec. 75-2707.

*Compulsory Retirement at 70.* The Act further declares that any member of the system who has attained the age of *seventy* years, during any school year *"shall* be retired" on the first day of September following his or her seventieth birthday. The language of this provision is *mandatory.* It *compels* the retirement of such teacher as of September first following the seventieth anniversary of his or her birth. R. C. M. 1947, sec. 75-2707.

*Public Policy.* Thus did the lawmaking power of the state speak on the subject of the retirement of public school teachers so far as concerns age.

Such legislative utterance constitutes the declared public policy of the state upon the particular subject. State ex rel. McCarten v. Corwin, 119 Mont. 520, 529, 530, 177 Pac. (2d) 189, 194, and authorities there cited.

*Involuntary Retirement at 65.* March 31, 1949, the board of

trustees of school district No. 1 of Silver Bow county, Montana, adopted a motion to the effect "that every teacher now regularly employed in the school system be given one more year, and next year it become mandatory that all teachers arriving at the age of sixty-five retire from the school system."

March 13, 1950, the board of trustees passed a motion directing its clerk to notify the teachers in the district who had reached the age of sixty-five that their services would not be required for the ensuing school year pursuant to which motion each of the plaintiff teachers on March 22, 1950, received individual written notice that her services would not be required by such school district after May 26, 1950, and that the notice was given in compliance with the action so taken by the board at its meeting of March 31, 1949.

On plaintiffs' timely request therefor, the board on notice given, held a hearing for the purpose of reconsidering its action, following which it affirmed its former action and demanded the involuntary retirement based solely on the fact that prior to March 13, 1950, each plaintiff had attained the age of sixty-five years.

Each plaintiff now is and for over ten years past has been a resident of the city of Butte, Montana, and duly licensed to teach in the public schools of the state. Each plaintiff, other than Johanna Prendergast, holds a duly and regularly issued Life Teacher's Certificate from the state authorizing her to teach the designated grades in any school in the state and the plaintiff Prendergast holds a Professional Teacher's Certificate granting her like authority, valid until 1953. During all the school terms for over ten years past each plaintiff has been and now is engaged in teaching in the public schools of said district No. 1 under contract of employment entered into with the board of trustees each having been elected to such teaching position prior to the year 1930 and having thereafter been duly re-elected annually and having received and holding an individual contract for each succeeding and consecutive year.

The teaching position of each plaintiff in the schools of the district will continue to exist for the ensuing year requiring the services of plaintiffs or of other teachers to fill and it is the intent of the board of trustees to fill each position by replacement of plaintiffs with other teachers. No plaintiff has attained the age of seventy.

The board of trustees, declining to rescind its action, the plaintiffs, being adversely affected thereby, brought this action against school district No. 1 of Silver Bow county in the district court of such county seeking a declaration of their rights as teachers reciting in their complaint the facts aforesaid.

Defendants' general demurrer to the complaint was sustained by the district court and judgment of dismissal entered, from which judgment plaintiffs have appealed.

A school district is a public corporation, but with very limited powers. It may, through its board, exercise only such authority as is conferred by law, either expressly or by necessary implication. Finley v. School District No. 1, 51 Mont. 411, 153 Pac. 1010.

School trustees may lawfully exercise only such powers as the law confers upon them and the statute granting the powers must also be regarded as a limitation upon the powers granted. McNair v. School District No. 1, 87 Mont. 423, 425, 288 Pac. 188, 69 A. L. R. 866; Jay v. School District No. 1, 24 Mont. 219, 232, 61 Pac. 250.

The trustees are bound to know that they cannot go beyond the limitations which the law has placed upon them. Farbo v. School District No. 1, 95 Mont. 531, 28 Pac. (2d) 455.

The legislature of this state has specifically established age seventy years for the compulsory retirement of otherwise competent, capable, duly licensed and qualified teachers in good standing and such utterance constitutes the public policy of the state, R. C. M. 1947, sec. 75-2707, and the attempt of the defendant school district and its board of trustees to reduce such age limit so fixed and declared by legislative mandate is an attempt to create for and in themselves authority and dis-

cretion not granted by the legislature and the motion, rule and regulations so adopted and promulgated by the trustees on March 31, 1949, as well as the motion passed on March 13, 1950, the notice given plaintiffs pursuant thereto and the proceedings and order assuming to compel the involuntary retirement of plaintiffs are contrary to the declared public policy of our state and therefore void and of no effect, for the board possesses no law-making power. State ex rel. McCarten v. Corwin, supra; McFatridge v District Court, 113 Mont. 81, 88, 89, 122 Pac. (2d) 834, 838; Verberg v. Board of Education of City School District of Cleveland, 135 Ohio St. 246, 20 N. E. (2d) 368; State ex rel. Creig v. Board of Education, 139 Ohio St. 427, 40 N. E. (2d) 913, 920, 921; School City of Evansville v. Culver, 94 Ind. App. 692, 182 N. E. 270, 272; McSherry v. City of St. Paul, 202 Minn. 102, 277 N. W. 541, 546; City of Knoxville v. State ex rel. Hayward, 175 Tenn. 159, 133 S. W. (2d) 465, 469; People ex rel. Murphy v. Maxwell, 177 N. Y. 494, 69 N. E. 1092. Compare: Federico v. Bratten, 181 Md. 507, 30 A. (2d) 776, 778.

As the complaint states a cause of action it was error to sustain the defendants' demurrer thereto and to render and enter the judgment of dismissal. Such judgment is reversed, and the cause is remanded with directions to overrule the demurrer and for further proceedings not inconsistent with this opinion. It is so ordered.

ASSOCIATE JUSTICES METCALF, FREEBOURN, ANGSTMAN and BOTTOMLY, concur.