**Pauline Cole, Alice Smith and Genevieve M. Lander v. Town of Hartford School District and Floyd Rising, Superintendent**

[306 A.2d 101]

No. 195-72

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed June 5, 1973

*Guarino & Bean,* White River Junction, for Plaintiffs.

*Black & Plante,* White River Junction, for Defendants.

**Smith, J.** This is an appeal from a judgment of the Windsor County Court that the Board of School Directors of the Hartford School District had the authority to adopt and carry out a policy of requiring the retirement of a teacher, within its school system, at the end of the school year in which that teacher attains the age of sixty-five. The case was decided below, and comes here on an agreed statement of facts.

Plaintiffs Pauline Cole, Alice Smith and Genevieve M. Lander, in the school year 1971–72, were teachers in the Town of Hartford School District. Plaintiffs had been school teachers in said district for a period of years.

On March 8, 1971, the Hartford School Board adopted a retirement policy, which is an exhibit in the case and is found as a fact. The policy mandates retirement for teachers who attain their 65th birthday prior to September 1 of the school year, excepting in certain instances not here material. During the school year 1971–72, all three plaintiffs attained the age of 65 prior to September 1, 1972.

Each plaintiff was notified by the then Superintendent, Millard Harrison, that her contract was not to be renewed because of the policy. The court is asked to take judicial notice of the following statutes: 16 V.S.A. § 1937(a)(2) relating to retirement benefits, and 16 V.S.A. § 563 relating to power of a school board. Each plaintiff requested renewal of her contract after notification of the Board's decision not to renew based on the mandatory retirement policy.

The conclusions of law of the lower court are stated below:

"That the defendant School District, acting through its duly authorized and elected officers, has broad discretionary powers in hiring or dismissing employees, including teachers.

That under said broad powers, the defendant may make policies concerning employment as long as there is no abuse in the exercise of said powers, and as long as said policies are reasonable.

That the Vermont Statutes Annotated authorize the establishment of a teacher retirement system which provides for obtaining retirement benefits as early as the age of sixty-five if requested, and make retirement benefits mandatory at the age of seventy.

That the defendant school district acting through its duly authorized officers, absent any showing that the plaintiffs would lose retirement or teacher benefits, have not abused their discretion in promulgating a policy of retirement at age sixty-five.

That the plaintiffs herein have no guaranteed tenure as far as being employed as teachers in the defendant school system."

The appeal of the plaintiffs to this court is based upon claimed error in the conclusions of law, stated above, and in the judgment order dismissing the action on its merits and allowing the defendants to recover of the plaintiffs their cost of action.

The broad question with which we are presented is whether or not the Board of School Directors of the Hartford School District acted within the scope of their authority in adopting the retirement policy on March 8, 1971.

School boards are public officials who derive their power directly from the law. *Buttolph* v. *Osborn*, 119 Vt. 116, 119, 119 A.2d 686 (1955). The powers of school boards are set out in 16 V.S.A. § 563. Subsection 12 of such section provides:

"Upon prior recommendation by the superintendent [the school board shall] employ and dismiss such persons as may be required to carry out the work of the school district."

We find no provision in the statute, 16 V.S.A. § 563, which authorizes a school board to set up its own retirement age limit policy for teachers with which it has contracted.

"Boards of education are created by statute and their jurisdiction is conferred only by statutory provision. Just as any other administrative board or body, they have such powers only as are clearly and expressly granted." *Verberg* v. *Board of Education of City School Dist. of Cleveland*, 135 Ohio St. 246, 20 N.E.2d 368, 370 (1939).

The State Teachers' Retirement System of Vermont is found in 16 V.S.A. chapter 55, with the provision that any person who becomes a teacher after July 1, 1947, shall become a member of the system as a condition of his employment, providing, however, for certain exceptions not pertinent here. The plaintiffs here are all members of such system. The "condition of his employment" is binding upon both the teachers and the School District, employee and employer.

Essential to an understanding of the question presented here are the provisions of the Act which allow teachers to retire voluntarily under the system at the time age sixty is attained. The Act also provides that any member in service who attains age seventy "shall" be retired at the end of the current school year. 16 V.S.A. § 1937. Such section provides retirement benefits based, of course, on compensation and years of service.

The provision of the Act that allows teachers to retire at age sixty, by the use of the word "may" makes retirement at such age permissive on the part of the teacher. The

provision of the Act that provides that teachers "shall" retire at age seventy is mandatory and compels such retirement.

In *Abshire* v. *School Dist. No. 1 of Silver Bow County,* 124 Mont. 244, 220 P.2d 1058 (1950), the Supreme Court of Montana had for its determination a question very similar to the one presented here. Montana has a Teachers' Retirement Act nearly identical to the State Teachers' Retirement System of Vermont, as set forth in 16 V.S.A., chapter 55. Under the Montana Act, retirement was voluntary at age sixty-five and compulsory at age seventy. The board of trustees of the defendant school district adopted a motion that compelled mandatory retirement for all teachers arriving at the age of sixty-five.

In holding that the defendant school district's action in reducing the age limit for retirement below that provided for in the legislative enactment was void, we quote with approval the following excerpt from the Montana decision:

> "The legislature of this state has specifically established age seventy years for the compulsory retirement of otherwise competent, capable, duly licensed and qualified teachers in good standing and such utterance constitutes the public policy of the state [citation omitted] and the attempt of the defendant school district and its board of trustees to reduce such age limit so fixed and declared by legislative mandate is an attempt to create for and in themselves authority and discretion not granted by the legislature . . . and the proceedings and order assuming to compel the involuntary retirement of plaintiffs are contrary to the declared public policy of our state and therefore void and of no effect, for the board possesses no law-making power [citations omitted]." *Id.*, 220 P.2d at 1061.

Also, see 78 C.J.S. *Schools and School Districts* § 207, at 1103.

We hold that the State Teachers' Retirement System of Vermont sets forth the declared public policy of this state relative to the retirement, both voluntary and compulsory, of qualified teachers in good standing, and that no power, either expressed or implied, is granted to local school districts and boards to alter such policy. Therefore, there was

error on the part of the lower court to conclude that the defendant school district, acting through its duly authorized officers, in promulgating a policy of retirement at the age of sixty-five, had not abused their discretion, and in dismissing the action of the plaintiffs.

However, we are also confronted with the agreement of the parties that there is no legislative enactment which grants tenure to teachers in a local school district. While under 16 V.S.A. § 563(12) school boards have the power to dismiss persons required to carry out the work of the school district, using the word "dismiss" as to remove from employment, we believe that under the facts of the instant case there was no dismissal of the plaintiffs from employment. The facts of the case are clear that what was done by the school board was to refuse to enter into a new contract with the various plaintiff teachers, rather than to dismiss them from a contractual relationship which was in existence. In the words of the defendants, the teachers were retired, and not dismissed.

There is no dispute that the various plaintiffs did apply for renewal of their contracts with the school district, and that such renewal was refused by the school board on the mistaken belief the retirement policy, adopted by the board, was a bar to such contract renewal.

As the lower court found, the plaintiffs have made no showing that the action of the board in attempting to force their retirements resulted in any loss of retirement or teacher benefits, to any or all of them. It follows that this question is not presented to us by the pleadings or the facts in the case before us.

The only relief requested from this Court by the plaintiffs is a declaration that the finding below which held that the Town of Hartford School District was within its powers in promulgating a policy of retirement at age sixty-five for teachers employed by said District was in error. This we have done, and the dismissal of the cause below must be reversed.

It follows that the reason given to the plaintiffs by the Board of the Town of Hartford School District for its refusal to renew their teaching contracts with the District was not valid.

The plaintiffs should be given the right to have their applications for renewal of their teaching contracts with the Town of Hartford School District reconsidered by the Hartford Board of School Directors, without consideration by that Board of the invalid retirement policy promulgated by them. The plaintiffs have not asked, nor do we have the power under the pleadings, to order the Hartford Board of School Commissioners to grant them new teaching contracts.

*Reversed and remanded.*