**Martha Anne BOYLE, Executrix of the Estate of John T. Boyle, Deceased: et al, Appellants,**

v.

**CITY OF ANDERSON: Anderson Fire Fighters Association Local 1262, AFL–CIO, an unincorporated association; Professional Fire Fighters Union of Indiana, AFL–CIO; International Association of Fire Fighters AFL–CIO; and Individual Fire Fighters and Members and Officers of Said Unions, et al, Appellees.**

No. 2–1284A381.

Supreme Court of Indiana.

March 3, 1989.

Consolidated Appeals for the Grant Superior Court Division II; Thomas G. Wright, as Judge Thereof.

Frank E. Spencer, Indianapolis, for appellant.

John A. Farr, Jr., Ralph E. Sipes, Busby, Austin, Cooper & Farr, Anderson, for appellee.

Charles E. Rice, Notre Dame, Mary Frances Hasson, Arlington, Va., amicus curiae brief for Public Service Research Council.

OPINION DISSENTING TO DENIAL OF TRANSFER

DeBRULER, Justice, dissenting to Denial of Transfer.

This is a consolidated appeal involving four cases. In each, plaintiffs sought damages for loss of property from fire in the business district of downtown Anderson, Indiana. Their claims were brought against the City of Anderson, individual firemen employed by the City who were on strike at the time of the fire, and the local, state and national unions representing firemen employed in the public sector. The trial court granted summary judgment for all defendants on all counts. The Court of Appeals reversed in part and remanded in an opinion appearing as *Boyle v. Anderson Fire Fighters Ass'n Local 1262* (1986), Ind. App., 497 N.E.2d 1073. The Court of Appeals agreed with the trial court that the claims asserted against the City of Anderson could not properly be maintained. However the Court of Appeals disagreed with the trial court wherein it concluded that the claims against the individual striking firemen and the unions could not properly be maintained, and consequently ordered those claims to be put to trial. All parties with the exception of the City of Anderson have filed petitions to transfer to this Court. The majority of the Court has voted to deny all transfer petitions. I respectfully dissent to that order. I vote to deny the plaintiffs' petitions to transfer, but to grant the defendants' petitions, and thereby affirm the trial court.

On August 30, 1978, at 4:30 a.m., a fire broke out in a lounge on a downtown street in Anderson, Indiana. The fire spread to adjoining buildings and ultimately a half block of older commercial buildings was destroyed. At the time, the City of Anderson was negotiating with the local firemen and their unions, and the firemen had been on strike for several days. The main station was manned by the fire chief, a handful of firemen who were ordinarily administrators and a handful of probationary firemen. The City had mutual assistance agreements with the fire departments in some small surrounding communities. The chief and a few of his men responded to the fire as did several of the departments of surrounding communities. Some fire equipment reached the site in a short time. The striking Anderson firemen refused to fight the fire, and two of the incoming community departments were held up by strikers for a short time, before being passed through to join the fire fighting. Representatives of local, state, and international firefighters' unions were involved in local meetings on or about this time, and decisions were reached at those meetings to withhold services in the event of a fire. There was no loss of life, but the buildings and their contents were lost. The City had not sued in court for an order requiring the firemen to return to work, at the time of the fire.

In the claims against the firemen, it is asserted that they engaged in unlawful conduct when intentionally refusing to fulfill their obligations as city firemen to fight the fire, and when intentionally engaging in efforts to obstruct others, including the plaintiffs and non-striking firemen and units, from fighting the fire as well. In the claim against the local union, it is asserted that the aforesaid conduct of the strikers as members bound it under principles of agency. In the claim against the state and international unions, it is asserted that they participated in or encouraged the illegal strike.

The summary judgment of the trial court was based upon the conclusion that the conduct of the firemen in engaging in an illegal strike, and any assistance or encouragement of that conduct by the state and national unions did not give rise to a liability against private persons such as the plaintiffs for loss of property. The trial court also concluded that the matters before it on summary judgment would show only that the asserted intentional obstructive conduct was that of unnamed persons, that it lasted for only three or four minutes, and that those so briefly detained were passed on and did proceed to the fire scene. Implicit in the trial court's description of the events is the conclusion that the deleterious consequences of this obstructive conduct were *de minimis.*

The central question presented in this appeal is whether the plaintiffs have a legal claim for damages against individual striking firemen based upon their conscious refusal to fight the fire at plaintiffs' premises. Existing common law, statutory law, and constitutional law do not contain a clear and express resolution of the question.

A general principle of law is that for liability to arise there must be a legal duty owed to the plaintiff by the defendant. *Miller v. Griesel* (1974), 261 Ind. 604, 308 N.E.2d 701. The question of whether or not the relationship between two persons is such as to give rise to a legal duty of the one to the other is for the court, and is distinct from the questions of breach of duty, causation, injury, and immunity. *Peavler v. Board of Commissioners of Monroe County* (1988), Ind., 528 N.E.2d 40. An appropriate view of the conduct of a public employee when engaged in illegal work stoppage would be that it is outside the scope of employment. In that view, there could be no available governmental immunity. In addition, however, if that were the case, the employee would be acting as a private citizen and would owe no legal duty to assist in putting out a fire. If in the unlikely instance that the decision on whether or not to respond to a fire were viewed as involving a choice consistent with employment obligations, and thus as within the scope of employment, there would be no legally cognizable duty owed by the firemen to the individual private citizen. *Simpson's Food Fair, Inc. v. City of Evansville* (1971), 149 Ind.App. 387, 272 N.E.2d 871. *Crouch v. Hall* (1980), Ind. App., 406 N.E.2d 303. *City of Hammond v. Cataldi* (1983), Ind.App., 449 N.E.2d 1184. *Estate of Tanasijevich v. City of Hammond* (1978), 178 Ind.App. 669, 383 N.E.2d 1081. *Silverman v. City of Fort Wayne* (1976), 171 Ind.App. 415, 357 N.E. 2d 285. Under either view of the relationship between the individual firemen and the building owners, it would not give rise to a legal duty, the breach of which would result in civil liability.

The landowners, plaintiffs below, also base their claims upon an allegation that they should be deemed third party beneficiaries of the employment contract between the City and the firemen and their unions. The applicable general principles of contract law were set forth by the Court of Appeals in *Gonzales v. Kil Nam Chun* (1984), Ind.App., 465 N.E.2d 727.

> Generally, only a party to a contract or those in privity with him have rights under the contract.... One not a party to the contract may directly enforce the contract as a third party beneficiary only if the contracting parties clearly intended to directly benefit him by imposing a duty in his favor.... The intent to benefit the third party is controlling and can be shown by specifically naming the

third party or by other evidence. [citation omitted]

*Id.* at 729.

In *Ayres v. Indian Heights Vol. Fire Dept., Inc.* (1986), Ind., 493 N.E.2d 1229, this Court considered whether a private citizen whose building was destroyed in a fire could bring a negligence action as a third party beneficiary of the contract between the department and the township trustee. This Court rejected the argument, holding that the contract imposed no legal duty to act in regard to the particular private citizen plaintiffs. That case is *stare decisis* here.

A strike by public employees has been declared by Indiana courts to be illegal at common law. *Anderson Federation of Teachers Local 519 v. School City of Anderson* (1969), 252 Ind. 558, 251 N.E.2d 15. Such conduct of public employees was held to warrant judicial intervention by way of injunction and the threat of contempt proceedings, at the behest of the public employer. That case, and statutes governing public sector labor relations, do not go so far as to require judicial recognition of private damage claims against striking public employees, based simply upon particular injurious consequences befalling individuals by reason of the refusal to work.

In Indiana, pursuant to the Education Employment Relations Act, I.C. 20–7.5–1–1, *et seq.*, the right of school employees to bargain collectively is recognized and the strike against the school employer is declared illegal. I.C. 20–7.5–1–14. The statutorily recognized sanctions against striking public school employees and their unions include suits by the school employer and loss of dues deduction privilege. Thus, it is pertinent to the question presented in this appeal that, when assessing the appropriate sanctions for striking school employees, the legislature did not erect a form of civil liability to those private citizens who may suffer injury due to the withholding of service. The Public Employees Bargaining Act, I.C. 22–6–4–1, *et seq.* (1971), had a like import. In it, provision was made for collective bargaining between public employees and their public employers. Although voided by this Court in *Indiana Education Employment Relations Board v. Benton Community School Corp.* (1977), 266 Ind. 491, 365 N.E.2d 752, and repealed by Acts 1982, P.L. 3, Sec. 1, and, while not applying to firemen by its express terms, that statute did declare strikes by a segment of public employees, which included many having responsibilities to guard the public health and safety equal to those of firemen, to be illegal, and, in assessing appropriate sanctions for such conduct, did not include the subjection of the individual public employee to private civil liability. Thus, to date, the legislature, when resolving the difficult issues involved in the area of public employee labor relations and setting the sanctions to protect the public health, safety and welfare from the danger created when public employees strike, has not seen fit to criminalize such conduct or establish private civil liability as a means of enforcing its prohibition against strikes. Since there are no applicable Indiana statutes on the precise issue raised here, appellant landowners urge that this court employ its judicial power to extend the 1969 holding in the *Anderson Federation of Teachers* case, 251 N.E.2d 15, or issue a new holding that private citizens are third party beneficiaries of the contract of employment between public employer and public employee, and thus establish such civil liability for private citizens as a means of furthering the judicially declared public policy against strikes by public employees.

The judges of the Court of Appeals in this case held to the view that the policy underlying this Court's holding in the *Anderson Federation of Teachers* case, *supra*, was to benefit the public by insuring the uninterrupted delivery of essential governmental services. That view appears sound; however, it is not clear at all that the judicial creation of the private claim for damages against individual public employees would, in the balance, further this policy. The potential for such claims would undoubtedly have some deterrent effect like those sanctions already put in place by this Court and the legislature.

Judicial intervention by way of injunction and the threat of contempt is direct, immediate and certain in scope. By contrast, intervention by way of the private claim is unlimited in extent, indirect, and has the potential for occurring long after the labor dispute has been resolved, thus creating the potential for future disruptions in services. It is difficult to assess the panoply of practical consequences of creating this private claim by judicial decree, in this sensitive area of public sector labor relations.

The most significant cases across the country have overwhelmingly denied damage claims of the sort brought by appellant landowners here against the individual firemen and their unions. The cases involved damage claims asserted by private persons rather than public employers or other governmental entities. They involved public employee strikes endangering life and property; and they arose in states in which the strike was illegal by statute or judicial decree. The claims considered in them were based upon both tort and third party contract beneficiary theories. They include *White v. International Association of Firefighters* (1987), Mo.App., 738 S.W.2d 933, *Berger v. City of University City* (1984), Mo.App., 676 S.W.2d 39, *Burns, Jackson, Miller, Summit & Spitzer v. Lindner* (1983), 59 N.Y.2d 314, 464 N.Y.S. 2d 712, 451 N.E.2d 459, *Fulenwider v. Firefighters Assn. Local Union 1784* (1982), Tenn., 649 S.W.2d 268, *Jackson v. Chicago Firefighters Union, Local No. 2* (1987), 160 Ill.App.3d 975, 112 Ill.Dec. 393, 513 N.E.2d 1002, *Jamur Productions Corporation v. Quill* (1966), 51 Misc.2d 501, 273 N.Y.S.2d 348, *Burke and Thomas, Inc. v. International Organization of Masters, Mates and Pilots* (1979), 92 Wash.2d 762, 600 P.2d 1282. The refusal of these courts to allow private tort actions or private contract actions to be maintained by those suffering economic loss due to an illegal strike was based upon (1) the unique nature of labor relations in the public sector, (2) the unlimited nature of the liability, and (3) the uncertainty of practical consequences. However, the courts have not shown a reluctance to allow private actions against named individual striking firemen

who actively interfered with the efforts of others to fight the fire. *Berger v. City of University City, supra; Fulenwider v. Firefighters Assn. Local Union 1784, supra.* Such cases involve willful direct action resulting in loss. I agree with both aspects of these cases from other jurisdictions.

There is no questioning the fact that the ready availability of fire protection is vital to the public safety and welfare. One may well question whether that ready availability is served by the judicial extension of private rights *vis-a-vis* striking firemen based simply upon the illegal act of walking off the job during a labor dispute. Furthermore, if there are no such private rights *vis-a-vis* individual firemen actually behaving in this manner, there can be no such rights *vis-a-vis* their unions.

There is little to question about the conclusion that individual striking firemen who willfully prevent others from fighting a fire in progress have committed a wrong or trespass and should respond in damages for injuries caused by such conduct. However, here, there are no potential disputed facts regarding the extent of the obstructive conduct and its consequences. While a wrong is shown, it was brief with *de minimus* consequences. Summary judgment was therefore proper. *Ayres v. Indian Heights Vol. Fire Department, supra.*

I would therefore affirm the summary judgment of the trial court.

DICKSON, J., concurs.