Ruth E. KREIGH, Appellant–Plaintiff,

v.

Gilbert C. SCHICK, Appellee–Defendant.

No. 02A03–9008–CV–365.

Court of Appeals of Indiana,
Third District.

Aug. 13, 1991.

Edward E. Beck, John B. Powell, Shambaugh, Kast, Beck & Williams, Fort Wayne, for appellant-plaintiff.

John F. Lyons, David R. Steiner, Barrett & McNagny, Fort Wayne, for appellee-defendant.

GARRARD, Judge.

This is an appeal from a comparative fault action for personal injuries sustained in an automobile collision. The jury found that plaintiff Kreigh's injuries totalled $60,-000 and that she was 45% at fault and defendant Schick was 55% at fault. Accordingly, judgment was entered for Kreigh for $33,000, and she has brought this appeal.

The evidence at trial disclosed that at the time in question Kreigh, who was then sixty-eight years of age, was driving eastbound on New Haven Avenue approaching a yield intersection with U.S. Highway 30. As she came to the yield sign just before the merge lane she came to a complete stop before attempting to enter U.S. 30. Schick, who was following behind her, looked over

his left shoulder to observe the traffic on U.S. 30 and when he looked forward again he was unable to avoid a collision. His vehicle then struck the rear end of Kreigh's vehicle. Schick testified that while there was traffic on U.S. 30, he believed that due to spacing of these vehicles Kreigh could have merged into the traffic without stopping. There was additional testimony that Kreigh had decided before reaching the yield sign that she would come to a stop before entering onto U.S. 30.

Because we find it necessary to reverse and remand for a new trial, we need discuss only one assignment of error. In giving the jury final instructions the court, over Kreigh's objection, instructed:

> You are instructed that on December 21, 1987 there was in full force and effect a statute of the State of Indiana which provided in pertinent part:
>
> > The driver of a vehicle approaching a yield sign shall in obedience to such sign, slow down to a speed reasonable for the existing conditions, or shall stop if necessary, as provided elsewhere in this chapter, and shall yield the right-of-way to any pedestrian legally crossing the road on which he is driving, and to any vehicle in the intersection or approaching on another highway so closely as to constitute an immediate hazard. Said driver having so yielded may proceed, and the drivers of all other vehicles approaching the intersection shall yield to the vehicle so proceeding. Provided, however, that if such driver is involved in a collision with a pedestrian in a crosswalk or a vehicle in the intersection after driving past the yield sign without stopping, such collision shall be deemed *prima facie* evidence of his failure to yield right-of-way.
>
> If you find by a preponderance of the evidence that the plaintiff violated this statute on the occasion in question, and that said violation was without legal justification or excuse. Then you are instructed that the plaintiff's conduct was negligent.

It is not disputed that the instruction correctly quotes I.C. 9–4–1–83(c).

Schick utilized this instruction to argue to the jury that by stopping when she was not required to, Kreigh was guilty of negligence *per se;* i.e., that she violated the statute by stopping when she was not required to.

We commence by noting that the better practice is to excise inapplicable portions of such statutes as the references to pedestrians which have no application to the facts of the case.

Additionally, we agree with Schick's argument that, reasonably construed, the statute only requires a driver to slow down to a speed reasonable for the existing conditions and only requires the driver to stop and yield the right-of-way to any pedestrian legally crossing the highway or to any vehicle in the intersection or approaching on the preferential highway so closely as to constitute an immediate hazard.

That, however, is a far cry from determining that the statute also imposes a duty to not stop in the absence of one of those three conditions. Certainly no such duty follows as a matter of syllogistic logic. That is emphasized by the proviso which deems the occurrence of a collision after failing to stop as a *prima facie* proof of violation of the statute.

■ Nor does it follow as a matter of the other rules of statutory construction. The general rule is that in determining whether the violation of a statute constitutes actionable negligence, consideration must be given to the purpose of the enactment, the persons whom it was intended to protect and the injuries it was intended to prevent. *Sheridan v. Siuda* (1971), 150 Ind.App. 395, 406, 276 N.E.2d 883, 889.

■ I.C. 9–4–1–83(c) is plainly intended for the protection of pedestrians legally crossing the roadway and vehicles in the intersection or approaching on another highway so closely as to constitute an immediate hazard. Secondarily, the statute is intended to protect the vehicle which, having obeyed the primary mandate, then proceeds to enter the preferential road. We

cannot, however, discern any legislative purpose to protect vehicles which are following behind the vehicle whose driver is confronted with a yield sign.

In sum the statute simply cannot be said to mandate that a driver approaching a yield sign *must not* stop unless he is confronted with a pedestrian, etc., so that if he, or she, stops in the absence of such a confrontation that action may be deemed negligence *per se*. This is not to say that such a stopping may not constitute negligence in fact. Indeed it may, if that action is found by the trier of fact to fall below the standard of the ordinary care that should be exercised by a reasonable person under the same or similar circumstances. The prejudice to Kreigh in the present case is that the jury was precluded from assessing whether or not her stopping constituted the failure to exercise ordinary care. Instead it was told that the law held it to be so, or perhaps to be technically more accurate, it was told that her conduct vis-a-vis Schick's colliding with the rear of her car was potentially controlled by that statute in the assessment of fault. That was incorrect and prejudicial because the statute had no application to her conduct in connection with the conduct of a driver who was following behind her. The instruction was therefore misleading and constituted an incorrect statement of the law.

Thus, while the jury might have determined that Kreigh's action in stopping constituted negligence in fact under the circumstances, we are unable to say that it would likely have done so in the absence of the erroneous instruction or that the instruction did not contribute to the verdict. It follows that the judgment must be reversed and the cause remanded for a new trial.

Reversed and remanded.

HOFFMAN, P.J., concurs.

SULLIVAN, J., concurs and files separate opinion.

SULLIVAN, Judge, concurring.

I concur in the majority's holding that it was reversible error to give Final Instruc-tion 10 over Kreigh's objection. My agreement is premised solely upon the fact that there was absolutely no evidence to support the instruction which dealt with failure to yield. The undisputed evidence is that Kreigh not only yielded but came to a complete stop.

It is of no moment that Schick utilized the instruction to argue that in stopping rather than yielding and proceeding, Kreigh was negligent. The jury was clearly and properly instructed that argument of counsel is not evidence and that their verdict should be premised solely upon the evidence.

I do not agree with the narrow constraints placed upon the statute to the effect that its intended purpose serves only to protect pedestrians and vehicles approaching upon the preferential roadway, as well as the vehicle which is required to yield. The protection of drivers following the yielding vehicle may not be a paramount objective of the statute; nevertheless, a following driver may, in the exercise of reasonable care under particular traffic conditions, be permitted without liability to momentarily divert his eyes to the oncoming traffic, in the expectation that the preceding vehicle will yield but will not come to a complete stop unless there is a necessity to do so. To this extent, I believe that following drivers are within the protective contemplation of the statutory requirement to yield.

Furthermore, I am unable to agree that the instruction in question prejudiced Kreigh in that it precluded the jury from determining whether or not Kreigh's conduct in stopping constituted negligence. To be sure, as noted by the majority, the instruction does not preclude a complete stop. But even more to the point, the jury could not have been misled in the manner suggested because in Final Instruction 9, the jury was told that if the plaintiff unnecessarily impeded or blocked the normal and reasonable movement of traffic, such conduct would constitute negligence. For this reason I do not agree that the jury would have been unlikely to find negligence on

the part of Kreigh but for the giving of the erroneous instruction No. 10.

However, because I am unable to conclude that the erroneous instruction had no impact upon the verdict, I am constrained to concur in the reversal and remand for a new trial.