**John Kenneth LOCKWOOD and Penny Lockwood, Plaintiffs–Appellants,**

v.

**BOWMAN CONSTRUCTION COMPANY, Defendant–Appellee.**

No. 96–1898.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 25, 1996.

Decided Dec. 9, 1996.

Sherrill W. Colvin, John V. Colvin, Haller & Colvin, Fort Wayne, IN, William L. Barr, Jr., Micaela M. Daly (argued), Bell, Boyd, & Lloyd, Chicago, IL, for John K. Lockwood.

William L. Barr, Jr., Micaela M. Daly, Bell, Boyd, Lloyd, Chicago, IL, for Penny Lockwood.

Mark W. Baeverstad (argued), Hunt, Suedhoff, Borror & Eilbacher, Fort Wayne, IN, for Bowman Construction Company.

Before WOOD, JR., EASTERBROOK, and KANNE, Circuit Judges.

HARLINGTON WOOD, JR., Circuit Judge.

The events of this case occurred on July 3, 1993 at the Thomson Consumer Electronics (TCE) factory in Marion, Indiana. Ken Lockwood, a resident of Florida, was an industrial machine mechanic and had come to Marion to work for Custom Conveyor, Inc. (Custom), a general contractor, at the TCE plant. Custom had hired the defendant, Bowman Construction Company (Bowman), an Indiana corporation, as a subcontractor for the work at TCE.

When Lockwood reported for his first day of work on July 3, he left his tools and other gear in his car. After an orientation and safety session, he and other workers asked Ray Kent, Custom's field superintendent, if they could get their tools. Kent told them to board a truck that was parked in the back parking lot, which they would ride to the parking lot where they had parked their cars. The workers walked to the back lot and climbed into the back of a flatbed truck. Lockwood sat on the left rear side of the truck and leaned against the left side panel. When another worker attempted to climb into the truck by stepping on the left rear wheel and pulling on the left side panel, the panel gave way, and Lockwood fell to the ground. He was seriously injured.

Further investigation revealed that Bowman owned the truck, and that Wes Reagan, a Bowman employee, had driven it to TCE that day. Pursuant to TCE policy, Reagan left the door unlocked and the keys in the ignition, so that TCE could move the truck away from the loading dock if necessary. Workers on the scene after Lockwood fell also noticed that while the truck's right side panel was secured with a metal pole and latch device, the left side panel had no such device, and was secured with a four-by-one-half inch wooden wedge. It was this wedge that gave way when the other worker pulled on the panel, causing the panel to collapse and Lockwood to fall to the ground.

Lockwood sued Bowman for negligence and negligence *per se*, and Penny Lockwood, his wife, sued for loss of consortium. Bowman moved for summary judgment, which the district court granted. On the negligence claim, the court held that (1) Lockwood was a trespasser and therefore Bowman had no duty to protect him from danger, and (2) there was no proximate cause, because Bowman could not have foreseen that the wooden wedge would cause injury to Lockwood. On the negligence *per se* claim, the court held that the Federal Motor Carrier Safety Regulations incorporated in Indiana law did not apply to Bowman, because Bowman was not a motor carrier within the meaning of the statute. The court added that even if the statute applied to Bowman, a trespasser such as Lockwood was

not within the class of persons the statute protected.

On appeal, Lockwood argues that he was either an invitee or a licensee, and that Bowman owed him a duty of care. Even if Lockwood was a trespasser, he argues, he was a discovered trespasser, and as such, Bowman had a duty to refrain from willfully or wantonly injuring him. Lockwood also maintains that the Motor Carrier regulations do apply to Bowman, and that because the statute protects the general public, Lockwood, even if he was a trespasser, was in the class of persons protected by the statute.

We review a district court's grant of summary judgment *de novo*, and reverse only if genuine issues of material fact exist. If a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986), summary judgment is appropriate. Fed.R.Civ.P. 56(c). The court must examine all facts and draw all inferences in the nonmoving party's favor, but when the facts indicate that only one reasonable conclusion exists, we will affirm the grant of summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); *DeLuca v. Winer Indus., Inc.,* 53 F.3d 793, 796 (7th Cir.1995).

■ To successfully state a claim for negligence under Indiana law, a plaintiff must prove (1) a duty on the part of the defendant to conform its conduct to a standard of care arising from its relationship with the plaintiff, (2) a failure of the defendant to conform its conduct to the requisite standard of care required by the relationship, and (3) an injury to the plaintiff proximately caused by the breach. *Webb v. Jarvis,* 575 N.E.2d 992, 995 (Ind.1991); *Miller v. Griesel,* 261 Ind. 604, 308 N.E.2d 701, 706 (1974). The existence of a duty is a question of law for the court to decide, and if the defendant owes no duty to the plaintiff, the plaintiff cannot prevail. *Hooks SuperX, Inc. v. McLaughlin,* 642 N.E.2d 514, 517 (Ind.1994); *Stephenson v. Ledbetter,* 596 N.E.2d 1369, 1371 (Ind.

1992); *Gariup Constr., Inc. v. Foster,* 519 N.E.2d 1224, 1227 (Ind.1988).

■ When defining the relationship between the plaintiff and defendant in cases involving injuries on a landowner's property, Indiana courts use the traditional definitions of invitee, licensee and trespasser. A landowner owes an invitee the duty of exercising reasonable care for his/her person, a licensee the duty of not increasing danger, and a trespasser the duty of not engaging in willful or wanton conduct once the trespasser is discovered. A landowner owes no duty of care to an undiscovered trespasser. *Burrell v. Meads,* 569 N.E.2d 637, 639 (Ind.1991). These duties apply equally to the owners of motor vehicles. *Surratt v. Petrol, Inc.,* 160 Ind.App. 479, 312 N.E.2d 487 (1974).

■ Lockwood argues that he was an invitee, and that Bowman thus owed him a duty of reasonable care. He maintains that because he was a Custom employee, he had an implied invitation to board the truck for purposes connected with Bowman's work for Custom. We disagree. The facts clearly show that Lockwood was a trespasser, albeit an unintentional one. No one at Bowman was remotely aware that anyone would climb into the back of their truck. Wes Reagan left the keys in the ignition, but this was merely for the purpose of allowing TCE engineers to move the truck if it was blocking the loading docks. Leaving the keys in the ignition cannot be viewed as an open invitation to anyone to board any part of the vehicle. For example, a car owner leaves her car and the keys with a valet parking attendant so that the attendant can drive the car and park it for her. She does not implicitly invite the attendant or anyone else working at the parking lot to get in her car and take it for a ride. She gives the attendant permission to move her car to park it, but not to use it. The same is true here. In light of the TCE rule, Reagan's actions can be seen only as an invitation to one person, probably a TCE employee, to enter the cab portion of the truck, and move it to a more convenient place. Bowman had no reason to know or expect that someone would climb into the back of the truck, or that it would be used to transport passengers. The truck

was not designed or used to transport passengers; its purpose was to haul tools and building materials and carry away waste materials. This is the only way Bowman used the truck. The inference Lockwood asks us to draw, that Bowman implicitly invited Custom's employees to use the back of the truck, is simply not reasonable. Lockwood was not an invitee, he was a trespasser.

█ Because Bowman was not aware of Lockwood's presence on the back of the truck, Lockwood was an undiscovered trespasser, and therefore Bowman owed him no duty of care. But even if Lockwood were a discovered trespasser, Bowman's actions would not rise to the level of willfully and wantonly injuring Lockwood. The wooden wedge used to secure the left truck panel was obviously not as sturdy as the metal pole and latch on the right panel. But it had successfully supported the panel until the moment when Lockwood's co-worker applied force to the top of the panel and pulled it down. A wooden wedge may appear flimsy compared to metal, but wood is a sturdy material, and we do not think Bowman acted in wanton disregard for the safety of others in using the wedge to secure the panel. Lockwood has presented no facts indicating that the panel could have fallen of its own weight. It took the force applied by the co-worker at the top of the panel to cause the wedge to collapse, and nothing suggests that Bowman either knew or should have known that someone would attempt to climb into the back of their truck that way.

█ Even if Bowman owed Lockwood a duty of care and breached it by using the wooden wedge, Lockwood still could not prevail, because Bowman's actions were not the proximate cause of his injury. According to Indiana law, an act of negligence is not the proximate cause of an injury "unless the consequence was one which, in the light of attending circumstances, ought, could, or should reasonably have been foreseen or anticipated." *Central Indiana Ry. v. Mikesell,* 139 Ind.App. 478, 221 N.E.2d 192, 199 (1966). Although the existence of proximate cause is often an issue for the fact finder to decide, when the undisputed facts lead to only one reasonable inference it is a question of law

for the court to decide. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). None of the facts presented indicate that Bowman knew or should have known that someone would climb into the back portion of their truck and be injured when another person pulled on the left panel so that it collapsed. Bowman's truck was designed and used to haul material, not passengers. Bowman never gave permission to anyone at the TCE factory to board anything but the cab portion of the truck. As the district court stated:

> No rational trier of fact could conclude that Bowman Construction would have reasonably foreseen that some unauthorized individual would board the back of a cargo truck and be leaning against the side rail at the same moment that some other unauthorized would-be rider exerted sufficient force against the side rail so as to dislodge the wooden wedge, resulting in an injurious fall.

We agree with the district court that these facts lead to only one reasonable inference, that Bowman's use of a wooden wedge to support the truck panel was not the proximate cause of Lockwood's injury.

█ Finally, Lockwood claims that Bowman's use of a wooden wedge to secure the truck panel was an instance of negligence *per se.* He cites the Federal Motor Carrier Safety Regulations (FMCSR), 49 C.F.R. § 350 *et seq.* as incorporated in Indiana law, I.C. 8–2.1–24–1, *et seq.,* for the proposition that Bowman owed him a statutory duty of care, which it violated by improperly securing the truck panel. The statute applies only to "motor carriers," which are defined as:

(1) a common carrier;

(2) a contract carrier;

(3) a private carrier of property by motor vehicle.

I.C. 8–2.1–18–36. Lockwood claims that Bowman is either a contract carrier or a private carrier. The statute's definition of a contract carrier is "any person who engages in transportation by motor vehicle of passengers or property for compensation." I.C. 8–2–7–2. Bowman clearly did not use its truck for those purposes. Custom hired Bowman, in

the words of the Purchase Order, to "provide necessary labor, tools, equipment, and materials . . .," not to provide transportation. Bowman's use of the truck was incidental to the performance of its duties. While the truck did afford transportation to and from work for Wes Reagan, Custom did not pay Bowman to transport Reagan. Custom paid Bowman for its work on the construction job. Thus, Bowman is not a contract carrier for the purposes of the statute.

Bowman is also not a "private carrier of property by motor vehicle," which is defined as a "vehicle that is operated upon a public highway for the purpose of transporting persons or property for hire." I.C. 8–2.1–17–11. Again, nothing indicates that Bowman ever used its truck for anything but transporting tools and materials to work sites and hauling waste materials away. Bowman was not hired or paid to transport these materials; rather, these tasks were incidental to the construction work for which Bowman was compensated.

■ If Bowman were a contract or private carrier within the meaning of the statute, Lockwood still could not prevail, because he has not established that he was within the class of persons the statute was intended to protect. "[I]n determining whether the violation of the statute constitutes actionable negligence, consideration must be given to the purpose of the enactment, the persons whom it was intended to protect and the injuries it was intended to prevent." *Kreigh v. Schick*, 575 N.E.2d 1063, 1064 (Ind.App.1991). The public policy statement released with the statute indicates that the statute was intended to protect persons who were lawfully and properly riding in or on a motor vehicle. I.C. 8–2.1–18–5. As a trespasser, Lockwood was neither lawfully nor properly on Bowman's truck. We do not think the statute was enacted to give a trespasser the status of an invitee when he happens to trespass on a motor vehicle regulated by Indiana's transportation statute.

We conclude that Lockwood has not presented genuine issues of material fact and

AFFIRM the district court's grant of summary judgment in Bowman's favor.