### JOHN NIVEN *vs.* ELISHA S. BOLAND & another.

Suffolk. March 6, 1900. — October 18, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Dipsomaniac or Inebriate — Statute — Oral Testimony — Physician's Certificate — Declaration — Proximate Cause — Action of Physicians in Good Faith and without Malice — Exemption from Liability.*

If, in an action against two physicians for negligently making a certificate, under Pub. Sts. c. 87, § 13, and St. 1889, c. 414, § 7, to the effect that the plaintiff was a dipsomaniac or inebriate, which certificate is alleged to be false, there is no averment in the declaration that there was no oral testimony before the judge as required by Pub. Sts. c. 87, § 12, or that, if there was, the judge did not base his finding upon it, but upon the certificate furnished by the defendants, it is difficult to say, assuming that there was negligence in the examination and that the certificate was false, that the certificate was the proximate cause of the commitment.

So far as examining physicians act in good faith and without malice in signing a certificate under Pub. Sts. c. 87, § 13, and St. 1889, c. 414, § 7, to the effect that a person is a dipsomaniac or inebriate, they are exempt from liability.

TORT, against two physicians for negligently making a certificate alleged to be false, to the effect that the plaintiff was a dipsomaniac or inebriate, in consequence of which he was con-

fined in the Massachusetts Hospital for Dipsomaniacs for a long time and suffered great damage. The defendants demurred to the declaration, assigning various grounds therefor. The Superior Court sustained the demurrer and ordered judgment for the defendants; and the plaintiff appealed to this court. The facts appear in the opinion.

The case was argued at the bar in March, 1900, and afterwards was submitted on briefs to all the justices.

*H. W. Ogden & J. C. Smith,* for the plaintiff.

*J. K. Berry,* (*E. C. Upton* with him,) for the defendants.

MORTON, J. This is an appeal from a judgment of the Superior Court sustaining a demurrer to the plaintiff's declaration, and ordering judgment for the defendants. The gist of the declaration is that the defendants took upon themselves the duty of determining, under certain statutes referred to, whether the plaintiff was a proper subject of treatment as a dipsomaniac or inebriate, and that the defendants, without due examination, negligently made a certificate that he was a dipsomaniac or inebriate ; that said certificate was false ; and that in consequence of the defendants' negligence in examining the plaintiff and making the certificate the plaintiff was committed to the Hospital for Dipsomaniacs and Inebriates at Foxboro, and confined there a long time, to his great damage, etc. There is no allegation of malice or of wilful negligence or falsification, and on recurring to the statutes referred to in the declaration as those under which the examination and commitment were made, it is difficult to see how the commitment can be said to have taken place in consequence of the defendants' negligence in examining the plaintiff and in making the certificate.

The statute establishing the Hospital for Dipsomaniacs and Inebriates provides that "All the laws relative to commitment of an insane person to a lunatic hospital shall be applicable to and shall govern the commitment of any person under this act," except that it shall be alleged that they are dipsomaniacs or inebriates, as the case may be, instead of insane. St. 1889, c. 414, § 7. The statute in regard to the commitment of insane persons provides that, "Except when otherwise specially provided, no person shall be committed to a lunatic hospital . . . public or private, without an order or certificate therefor, signed by one

of the judges named"; that "the order or certificate shall state that the judge finds that the person committed is insane, and is a fit person for treatment in an insane asylum. And said judge shall see and examine the person alleged to be insane, or state in his final order the reason why it was not deemed necessary or advisable to do so." It is further provided, that "no person shall be so committed unless in addition to the oral testimony there has been filed with the judge a certificate signed by two physicians, each of whom is a graduate of some legally organized medical college, and has practised three years in the State, and neither of whom is connected with any hospital or other establishment for treatment of the insane. Each must have personally examined the person alleged to be insane within five days of signing the certificate; and each shall certify that in his opinion said person is insane and a proper subject for treatment in an insane hospital, and shall specify the facts on which his opinion is founded." Pub. Sts. c. 87, §§ 12, 13. There are other provisions, not now material, relating to the issuing of a warrant by the judge for the arrest of an alleged lunatic, and his care and custody pending an examination and hearing, and to other matters. But it is manifest, from the provisions to which we have referred, that although the certificate of the examining physicians is intended to have great weight, and no doubt in practice does have great weight, a commitment cannot take place without an order from the judge, and a finding by him that the person committed is insane, and without the judge seeing and examining the person alleged to be insane or stating the reason for not doing so. In this case there is no averment in the declaration that there was no oral testimony, or that if there was, the judge did not base his finding upon it, but upon the certificate furnished by the defendants. It is difficult to see therefore how, assuming that there was negligence in the examination, and that the certificate was false, it can be said that that was the proximate cause of the commitment. See *Force* v. *Probasco,* 14 Vroom, 539.

But, further, the examining physicians are called upon to perform an important duty. In discharging it they are not engaged in the ordinary practice of their profession. If they do not occupy a quasi official or judicial position, they at least

occupy the position of persons whose testimony is expressly required by statute in aid of judicial proceedings having for their object to ascertain whether the condition in regard to dipsomania or inebriety of the person to whom they relate is such that he should be restrained. It is important that the judges who are charged with the duty of investigating cases of dipsomania or inebriety and insanity should have the assistance in forming their conclusions of persons whose profession is such as to give to their opinions peculiar value in such matters. The statute recognizes this by requiring the certificate. And we think that the privilege which attaches to parties and witnesses in other judicial proceedings to parties instituting criminal proceedings, and to cases of privileged communications, should attach to examining physicians in cases like the present, and that so long as they act in good faith and without malice they should be exempt from liability. See *Hoar* v. *Wood*, 3 Met. 193 ; *Barker* v. *Stetson*, 7 Gray, 53; *Rice* v. *Coolidge*, 121 Mass. 393 ; *Tasker* v. *Stanley*, 153 Mass. 148; *Gifford* v. *Wiggins*, 50 Minn. 401.

It is more important that the administration of the law in the manner provided should not be obstructed by the fears of physicians that they may render themselves liable to suit, than it is that the person certified by them to be insane or a dipsomaniac or inebriate should have a right of action in case it turns out that the certificate ought not to have been given. The statute provides a penalty for a physician who conspires with any person unlawfully or improperly to commit to any lunatic hospital or asylum a person who is not insane, but goes no further.

In *Pennell* v. *Cummings*, 75 Maine, 163, and *Williams* v. *LeBar*, 141 Penn. St. 149, relied on by the plaintiffs, the question here presented was not passed upon by the court. In *Ayers* v. *Russell*, 50 Hun, 282, there was a dissenting opinion, which seems to us to lay down the better doctrine. Moreover, the judgment was not that of a court of last resort. In *Hall* v. *Semple*, 3 F. & F. 337, the statute under which the defendant proceeded seems to have been quite different from ours.

In the opinion of a majority of the court the judgment should be affirmed.

*So ordered.*