**James J. HILL, Appellant–Plaintiff,**

v.

**John L. BEGHIN, M.D., Appellee–Defendant.**

**No. 49A02–9312–CV–690.**

Court of Appeals of Indiana, Second District.

Dec. 22, 1994.

Transfer Denied May 16, 1995.

Morris L. Klapper, Laurel R. Klapper, Klapper Isaac & Parish, Indianapolis, for appellant.

Robert J. Shula, Richard S. Pitts, Lowe Gray Steele & Hoffman, Indianapolis, for appellee.

## OPINION

FRIEDLANDER, Judge.

James J. Hill appeals the trial court's judgment which determined that Dr. John L. Beghin was not liable, as a matter of law, for allegedly providing negligent opinion testimony to the Worker's Compensation Board regarding the degree of impairment Hill suffered following a work-related injury.

We affirm.[1]

**1.** Oral argument was held in Indianapolis on November 3, 1994.

**2.** Hill appealed this determination and we reversed the Board's decision and remanded for

The facts most favorable to the judgment are that Hill injured his back during the course and scope of his employment at Worldmark Corporation. Hill worked as a packer and his job involved lifting bundles of aluminum weighing approximately 100 to 140 pounds and lifting I-beams weighing between thirty and 100 pounds. The job also required him to stand eight to ten hours each work day.

On January 8, 1991, Hill was lifting a beam weighing more than 100 pounds. He experienced immediate lower back pain. Worldmark, through its worker's compensation insurance carrier, ITT Hartford Insurance Group (Hartford), provided Hill with medical attention and temporary total disability payments for a period of time following the injury.

On May 6, 1991, Hartford referred Hill to Beghin, a certified orthopaedic surgeon. Beghin became the treating physician for Hill and prescribed various treatments including stretch and strengthening exercises. This therapy was terminated on August 15, 1991, when Beghin concluded that the back rehabilitation proved ineffective. Three days later, Beghin rendered an opinion indicating that Hill had reached maximum recovery and had a permanent partial impairment of three percent as a result of his injury. Beghin's report also indicated that Hill was "released to return to work [with] no restrictions." *Record* at 132. Based on Beghin's opinion, Worldmark terminated all worker's compensation benefits to Hill as of August 18, 1991. Hill continued to seek medical treatment and has not returned to work.

On December 23, 1991, Hill filed an "Application for Adjustment of Claim" with the Worker's Compensation Board. The Board accepted Beghin's opinion, and ruled that "Petitioner has failed to prove an entitlement to disability or statutory medical after August 18, 1991." *Record* at 20. This order was subsequently affirmed by the full Worker's Compensation Board.[2]

more specific findings of fact in an unpublished memorandum decision. *See Hill v. Worldmark Corp.* (1993), Ind.App., 615 N.E.2d 917. Following remand, this court determined that the evidence was insufficient to support the findings

Hill filed a complaint with the Indiana Department of Insurance on August 12, 1992, alleging medical malpractice against Beghin. Hill maintained that Beghin was negligent in returning him to work without restrictions, thereby causing Hill to sustain substantial economic loss. Beghin moved to dismiss the action on March 9, 1993, and on September 28, 1993, the trial court granted Beghin's motion and entered the following order:

"Comes now the Petitioner–Defendant, John L. Beghin, M.D., by counsel, and having previously filed his Motion for Preliminary Determination of Law and Motion to Dismiss on the bases that the Indiana Department of Insurance lacks subject matter jurisdiction over the Proposed Complaint and that the Plaintiff has failed to state a claim upon which relief can be granted:

And the court being duly advised in the premises, now grants said Motion.

IT IS, THEREFORE ORDERED, ADJUDGED AND DECREED that the Proposed Complaint before the Department of Insurance against John L. Beghin, M.D., is hereby DISMISSED."

*Record* at 156.

Hill appeals and presents the following restated issues:

1. Did the trial court err in refusing to treat Beghin's motion to dismiss as a motion for summary judgment?

2. Did the trial court err in dismissing Hill's complaint as a result of Beghin's alleged negligent opinion testimony he presented to the Worker's Compensation Board?

### 1.

■ We begin our discussion with the appropriate standard of review that must be employed in this case. This court views motions to dismiss for failure to state a claim upon which relief can be granted with disfavor because such motions undermine the policy of deciding causes of action on their merits. *Lincoln National Bank v. Mun-*

*dinger* (1988), Ind.App., 528 N.E.2d 829. We view the pleadings in a light most favorable to the nonmoving party, and we draw every reasonable inference in favor of that party. *Couch v. Hamilton County* (1993), Ind.App., 609 N.E.2d 39. We will not affirm a dismissal under Ind.Rules of Procedure, Trial Rule 12(B)(6) unless it is apparent that the facts alleged in the challenged pleading are incapable of supporting relief under any set of circumstances. *Id.; Ivey v. Massachusetts Bay Ins. Co.* (1991), Ind.App., 569 N.E.2d 692.

While Hill acknowledges the above standard, he argues that the rules governing summary judgment should apply. The record before us reflects that Beghin filed four exhibits in support of his motion to dismiss, and Hill presented several supporting exhibits in his response to that motion. Hill argues that the submission of materials outside the complaint does not entitle Beghin to judgment because there are disputed issues of fact.

■ The trial court's jurisdiction was invoked in accordance with Ind.Code 16–9.5–10–1, which permits that court to determine on a preliminary basis, and as a matter of law, "any affirmative defense or issue of law or fact that may be preliminarily determined *under the Indiana Rules of Procedure....*" (Emphasis supplied). Beghin's motion was premised upon *both* T.R. 12(B)(1) and (6). The T.R. 12(B)(1) motion was based on the theory that the Worker's Compensation Board has exclusive jurisdiction over benefit proceedings. Contrary to Hill's argument, the submission of matters outside the pleadings does not convert a motion under T.R. 12(B)(1) to a motion for summary judgment. *See Mid States Aircraft Engines v. Mize Co.* (1984), Ind.App., 467 N.E.2d 1242.

When Beghin filed the petition for a preliminary determination of law and to dismiss in accordance with T.R. 12(B)(6), the supporting materials included the proposed complaint, answers to interrogatories, and documents from the Worker's Compensation Board. Hill's responsive documents were in

that Hill did not suffer total permanent disability. *Hill v. Worldmark Corp.* (1994), Ind.App., 632

N.E.2d 1173.

a similar vein. The record reflects that the trial judge did not treat these documents in accordance with summary judgment standards (the existence or non-existence of genuine issues of material fact), inasmuch as he disposed of the motion *pursuant to* T.R. 12(B).

■ The arguments of the parties demonstrate that the trial court may have considered the supporting materials in deciding whether Hill's complaint was sufficient. While this is not permissible in determining the propriety of a T.R. 12(B)(6) motion, any error the trial court may have committed in considering documents outside of the pleadings was harmless in light of our disposition of issue two, *infra*. As explained below, the allegations presented in Hill's complaint do not support a claim under any set of circumstances. *See Ivey, supra.*

The matters submitted outside the pleadings did not raise genuine issues of material fact pursuant to T.R. 56, and the trial court properly refused to treat Beghin's motion to dismiss as a summary judgment motion.

2.

■ The trial court properly entered judgment for Beghin when it determined that he was not liable to Hill for allegedly providing negligent opinion testimony to the Worker's Compensation Board regarding the degree of impairment Hill suffered.

■ In a medical malpractice action based upon negligence, the plaintiff must establish that the defendant owed him a duty, that the defendant breached that duty, and that the plaintiff suffered compensable injuries proximately caused by the defendant's breach of duty. *Burke v. Capello* (1988), Ind., 520 N.E.2d 439; *Miller v. Griesel* (1974), 261 Ind. 604, 611, 308 N.E.2d 701, 706. In *Johnson v. Bender* (1977), 174 Ind.App. 638, 369 N.E.2d 936, this court observed that the proximate cause of an injury is "the cause which sets in motion the chain of circumstances leading up to the injury and has been defined as that cause which in natural and continuous sequence, unbroken by any efficient intervening cause, produces the result complained of *and without which the result would not have occurred. Id.*, 369 N.E.2d at 939 (emphasis

supplied). In the case before us, Hill was bound to demonstrate an unbroken chain of events from the negligence of Beghin to the denial of the worker's compensation benefits. *See Rhiver v. Rietman* (1970), 148 Ind.App. 266, 265 N.E.2d 245.

In *Rhiver,* the appellant-plaintiff charged the appellee-physician (Rietman) with negligence in the rendering of a medical opinion and report concerning Rhiver's mental condition. The report had been submitted to a court which was considering a petition for Rhiver's temporary commitment. The trial court sustained the physician's summary judgment motion and subsequently entered judgment in his favor.

On appeal, this court affirmed and observed that:

> "The role and function of the examining and certifying physician in insanity detention and commitment cases are those of a witness. He does not institute the process.... The physician is not the judge.... His opinion is of serious public interest."

*Id.* at 270, 265 N.E.2d at 247–48, (quoting *Dunbar v. Greenlaw* (1956), 152 Me. 270, 274, 128 A.2d 218, 221). In *Rhiver,* we pointed out that "[t]he responsibility for determination of a citizen's need for institutional mental treatment has been placed by the Indiana Supreme Court in the committing judge." *Rhiver, supra,* 148 Ind.App. at 272, 265 N.E.2d at 249. The physician acts in aid of and not as a principal in the commitment proceeding. *Rhiver, supra; Niven v. Boland* (1900), 177 Mass. 11, 58 N.E. 282. And so it is here.

Beghin, as a physician, did not institute the worker's compensation benefit process. He is not a judge. Rather, Beghin assisted the Worker's Compensation Board in its determination as to whether Hill was entitled to benefits. It is that agency which bears the responsibility for determining whether Hill should receive benefits. The Worker's Compensation Board was, therefore, an efficient intervening cause, and Hill could not establish an unbroken chain of events from Beghin's alleged negligence to the award or denial of benefits. *See Rhiver, supra.*

Beghin rendered a subjective opinion as to the degree of Hill's permanent impairment. There was no argument presented in the trial court, and there is no argument before us now, that Beghin either did not perform, or performed negligently, the medical analyses which lead to his conclusions. Hill is unable to show proximate causation, inasmuch as he admits that "the damage alleged in this case is the loss of Worker's Compensation disability benefits which was caused by the negligence of Mr. Hill's treating physician in diagnosing and advising Mr. Hill and in reporting to others information concerning his patient." *Brief of Appellant* at 12.

■ We agree with the reasoning of *Rhiver* and hold that Beghin cannot, as a matter of law, be held liable in negligence for his subjective opinion regarding Hill's degree of impairment; nor can he be held liable for the memorialization of that opinion in the form of a written report. We observe, however, that an examining physician's privilege from civil liability may be qualified when malpractice is demonstrated. A physician may be liable when the plaintiff alleges that the defendant-physician has failed to perform accepted and essential tests, or that he performed those tests or treatment in a negligent fashion. *See Rhiver, supra.*

Policy considerations dictate that physician-witnesses such as Beghin should be exempt from tort liability when medical opinions in worker's compensation proceedings are rendered. The *Rhiver* court determined that:

"Public policy, and the safe administration of justice, require that witnesses, who are a necessary part of the judicial machinery, be privileged against any restraint, excepting that imposed by the penalty for perjury."

*Rhiver, supra* 148 Ind.App. at 271, 265 N.E.2d at 248 (quoting *Baldwin v. Hutchison* (1893), 8 Ind.App. 454, 457, 35 N.E. 711).

The Worker's Compensation Act is designed to grant compensation to injured employees without regard to fault. A portion of the Act's efficiency lies in the use of medical testimony regarding impairment ratings which physicians provide. If physicians face the prospect of liability as a result of the opinions they render, they will certainly be less likely to accept worker's compensation cases. Once again, *Rhiver* is instructive:

"As a matter of public policy immunity must attach to witnesses aiding commitment proceedings. If it were otherwise the cooperation of physicians, who *by statute* are called upon to offer expert judgment upon the sanity of another, would be lost. Fear of vexatious litigation would thwart the power of the state to provide for protection of the community against the psychopathic mentally ill, and for the protection of the mentally ill individual against himself. It is out of concern for the treatment, and not for the sequestration, of the mentally ill individual that a swift, sure method of determining the need for institutionalization must be followed. *Immunity is a central consideration of this noble goal.*"

*Id.* 148 Ind.App. at 271, 265 N.E.2d at 249 (emphasis in original).

If physicians are to be held liable for their professional, medical judgments, which are subsequently expressed as an opinion regarding impairment in worker's compensation proceedings, the free flow of physician information to courts and various administrative agencies, will most certainly be curtailed. Physicians will fear liability for the expression of a professional opinion, and will most assuredly be reluctant to present future opinions.

From the foregoing, we find that Hill has failed to state a cause of action. The trial judge, therefore, properly granted judgment for Beghin in concluding that he cannot be liable as a matter of law for allegedly providing negligent opinion testimony regarding Hill's degree of impairment to the Worker's Compensation Board.

Judgment affirmed.

KIRSCH and RUCKER, JJ., concur.