OPINION
NAJAM, Judge
STATEMENT OF THE CASE
On July 17, 1997, Hayden McQueen filed a defamation action against the Fayette County School Corporation (“the School”), Jerry Knorr, the School’s Superintendent, and Larry Miller, a teacher and coach at the School (collectively, “Defendants”). Defendants filed a Motion to Dismiss under Indiana Trial Rule 12(B)(6) for failure to state a claim. After a hearing, the trial court granted the motion to dismiss, and McQueen now appeals.
We reverse.
ISSUE
McQueen presents one issue for review: whether the trial court erroneously dismissed the action based on Defendants’ contention that “opinion” is privileged under the First Amendment to the United States Constitution.
FACTS
According to McQueen’s complaint, on November 4,1996, Larry Miller:
[I]n the “presence and hearing of Glen Sheperd, Bill Hank, the Fayette Girls’ Basketball Team, and several other persons maliciously spoke the following false and defamatory words:
that “you [McQueen] and your friends, including Joe ‘Doc’ Heavey, have destroyed and undermined the girls’ [basketball] program and get out of here.” ”
At the time, McQueen was employed as a scout for the School’s girls’ basketball team and as a coach at a local basketball camp. McQueen’s complaint alleged that Miller’s statement was false and defamatory and that it “conveyed ... an imputation of wrong doing or a meaning that [he] and others were guilty of some specific offense.” The complaint further alleged that the statement injured McQueen’s reputation and has prevented him from working as a basketball scout and coach. McQueen sought damages in the amount of $300,000.00.
*65 DISCUSSION AND DECISION
Standard of Review
It is well settled that a complaint may not be dismissed for failure to state a claim upon which relief can be granted, unless it appears to a certainty on the face of the complaint that the complaining party is not entitled to any relief. Hanover Logansport, Inc. v. Robert C. Anderson, Inc., 512 N.E.2d 465, 468 (Ind.Ct.App.1987). In ruling on a motion to dismiss for failure to state a claim, the trial court is required to view the complaint in a light most favorable to the non-moving party and with every intendment in his favor. Id. The court may only look to the complaint, and well-pleaded material must be taken as admitted. Id.
Under notice pleading, a plaintiff need only plead the operative facts involved in the litigation. Thus, a complaint is sufficient if it states any set of allegations, no matter how unartfully pleaded, upon which the trial court could have. granted relief. Runde v. Vigus Realty, Inc., 617 N.E.2d 572, 575 (Ind.Ct.App.1993). Stated differently, the plaintiff is required to provide a “clean and concise statement that will put the defendants on notice as to what has taken place and the theory that the plaintiff plans to pursue.” Impink v. City of Indianapolis, Bd. of Pub. Works, 612 N.E.2d 1125, 1127 (Ind.Ct.App.1993).
This Court views motions to dismiss for failure to state a claim, with disfavor because such motions undermine the policy of deciding causes of action on their merits. Hill v. Beghin, 644 N.E.2d 893, 895 (Ind.Ct.App.1994), trans. denied. When reviewing a trial court’s grant of a motion to dismiss, we view the pleadings in a light most favorable to the non-moving party, and we draw every reasonable inference in favor of that party. Id. We will not affirm a dismissal under Trial Rule 12(B)(6) unless it is apparent that the facts alleged in the challenged pleading are incapable of supporting relief under any set of circumstances. Id.
Defamation and the “Opinion” Privilege
Defamation is that which tends to injure reputation or to diminish esteem, respect, good will, or confidence in the plaintiff, or to excite derogatory feelings or opinions about the plaintiff. Kitco, Inc. v. Corporation for General Trade, 706 N.E.2d 581, 587 (Ind.Ct.App.1999). To recover in an action for defamation, that which caused the alleged defamation must be both false and defamatory. Id. Moreover, a plaintiff must establish the basic elements of defamation: (1) a communication with a defamatory imputation, (2) malice,. (3) publication, and (4) damages. Rombo v. Cohen, 587 N.E.2d 140, 145 (Ind.Ct.App.1992), trans. denied. The determination of whether a communication is defamatory is a question of law for the court. Id.
With respect to “defamatory imputation,” some communications are reasonably susceptible to either a defamatory or a nondefamatory interpretation. Id. Words not actionable in themselves may become actionable by their allusion to some extrinsic fact, or by being used and understood in a different sense from their 'natural meaning. Hays v. Mitchell, 7 Blackf. 117 (1844). Such words are deemed actionable per quod, and they acquire a defamatory meaning when placed in context or are connected with extrinsic facts or circumstances. Jacobs v. City of Columbus, 454 N.E.2d 1253, 1264 (Ind.Ct.App.1983) (citing concurring opinion in Gibson v. Kincaid, 140 Ind.App. 186, 221 N.E.2d 834 (1966)). If the defamatory nature of the words appears without resort to extrinsic facts or circumstances, then the words are deemed actionable per se.
In its motion to dismiss, Defendants characterized Miller’s statement ,to McQueen as “opinion” and argued that, as such, the statement is absolutely privileged. The trial court agreed and concluded in its order of dismissal that “the statement ... is merely a statement of opinion and therefore not actionable. Such utterances are protected by the First Amendment.” In reaching that conclusion, the trial court presumably relied upon Defendants’ citation to Jamerson v. Anderson Newspapers, Inc., 469 N.E.2d 1243 (Ind.Ct.App.1984), in which we held that statements that are “opinionative and not factual ... cannot constitute falsehoods” and, thus, “are absolutely protected under the *66 First Amendment.” Id. at 1253 (citations omitted). However, as McQueen argues, the Jamerson opinion has been superseded by the United States Supreme Court’s opinion in Milkovich v. Lorain Journal Co., 497 U.S. 1, 110 S.Ct. 2695, 111 L.Ed.2d 1 (1990).
In Milkovich, the Supreme Court rejected the argument that an “additional separate constitutional privilege for ‘opinion’ is required to ensure the freedom of expression guaranteed by the First Amendment.” Id. at 21, 110 S.Ct. at 2696, 111 L.Ed.2d at 19. The Court stated:
Respondents would have us recognize ... First-Amendment based protection for defamatory statements which are categorized as “opinion” as opposed to “fact.” For this proposition they rely principally on the following dictum from our opinion in Gertz [v. Robert Welch, Inc., 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974) ]:
“Under the First Amendment there is no such thing as a false idea. However pernicious an opinion may seem, we depend for its correction not on the conscience of judges and juries but on the competition of other ideas. But there is no constitutional value in false statements of fact....
... [WJe do not think this passage from Gertz was intended to create a wholesale defamation exemption for anything that might be labeled as “opinion”.... Not only would such an interpretation be con-trar~y to the tenor and context of the passage, but it would also ignore the fact that expressions of “opinion” may often imply an assertion of objective fact. ”
Id. at 17, 110 S.Ct. at 2705, 111 L.Ed.2d at 17 (quoting Gertz, 418 U.S. at 339-40, 94 S.Ct. at 3007, 41 L.Ed.2d at 805 (footnote omitted)) (emphasis added). The Court further explained:
If a speaker says, “In my opinion John Jones is a liar,” he implies a knowledge of facts which would lead to the conclusion that John told an untruth. Even if the speaker states the facts upon which he bases his opinion, if those facts are either incorrect or incomplete, or if his assessment of them is erroneous, the statement may still imply a false assertion of fact. Simply couching such statements in terms of opinion does not dispel these implications; and the statement, “In my opinion Jones is a liar,” can cause as much damage to reputation as the statement, “Jones is a liar.”
Id. at 18-19, 110 S.Ct. at 2705-06, 111 L.Ed.2d at 18. In rejecting the “artificial dichotomy” between fact and opinion, the Court asserted that freedom of speech is adequately protected by existing constitutional doctrines, such as the plaintiffs burden of proving both falsity and the required level of culpability and limitations on presumed or punitive damages.[1] Id. at 19-21, 110 S.Ct. at 2705-06, 111 L.Ed.2d at 18-19; see also 50 Am Jur 2d, Libel and Slander § 104 (1995).
Under Milkovich, whether Miller’s statement expressed an “opinion” is not dispositive. Rather, the dispositive question is whether a reasonable fact finder could conclude that the statement implies facts which may be proven true or false. See Milkovich, 497 U.S. at 21, 110 S.Ct. at 2707, 111 L.Ed.2d at 19; see also Restatement of Torts (Seoond) § 566, cmt. c. (“If a defendant expresses a derogatory opinion without disclosing the facts on which it is based, he is subject to liability if the comment creates the reasonable inference that the opinion is justified by the existence of unexpressed defamatory facts.”). Miller’s statement implies verifiable facts regarding McQueen’s performance and conduct as a basketball scout and coach. The statement at issue was not uttered by an irate fan during a hotly contested basketball game or by a sports commentator, but by another coach, a professional colleague. At this early stage in the litigation, we must infer there was a factual predicate for Miller’s statement of McQueen’s job performance and that those within earshot *67 understood his statement to be grounded in fact. Thus, McQueen’s complaint is sufficient on its face, and it would be premature to dismiss the complaint, as the dissent would have us do, merely because Miller’s statement was expressed as an opinion in a state where we feel strongly about our basketball.
In reviewing the pleadings in the light most favorable to McQueen and drawing every reasonable inference from the facts alleged, we conclude that McQueen has stated a claim upon which relief can be granted. The complaint alleges all of the elements of a defamation action, i.e., a defamatory imputation, malice,[2] publication and damages, and is sufficient to defeat a Trial Rule 12(B)(6) motion to dismiss. Cf. Gray v. Westinghouse Elec. Corp., 624 N.E.2d 49, 52 (Ind.Ct.App.1993) (complaint need not state every element of cause of action to defeat Trial Rule 12(B)(6) motion), trans. denied. The complaint clearly placed Defendants on notice as to the theory of McQueen’s claim and its underlying facts.[3] Accordingly, we reverse the trial court’s dismissal and remand the case for further proceedings consistent with this opinion.
Reversed.
Garrard, J., concurs.
Kirsch, J., dissents with separate opinion.

. The Supreme Court has recognized that some statements cannot "reasonably [be] interpreted as stating actual facts about an individual” and are still protected under the First Amendment. Milkovich, 497 U.S. at 20, 110 S.Ct. at 2706, 111 L.Ed.2d at 19 (quoting Hustler Magazine v. Falwell, 485 U.S. 46, 50, 108 S.Ct. 876, 879, 99 L.Ed.2d 41, 48 (1988)). For example, insulting, vulgar or abusive words are not defamatory. See 50 Am Jur 2d, Libel and Slander § 159 (1995).

. In addition to substantiating his allegations that Miller's statement is false and defamatory, under Indiana law, McQueen must prove "actual malice." That is, he must ultimately demonstrate that Miller published his statement with knowledge of its falsity or with reckless disregard of its truth or falsity. See Near East Side Community Org. v. Hair, 555 N.E.2d 1324, 1328-29 (Ind.Ct.App.1990); see generally Kitco, 706 N.E.2d at 581. McQueen may also have to prove special (pecuniary) damages if the trial court determines that the statement was defamatory per quod, rather than defamatory per se. See Rambo, 587 N.E.2d at 146.

. Compare Kitco, 706 N.E.2d at 581. There, the plaintiffs, Kitco, Inc. and its CEO filed separate defamation claims against a television station following a news broadcast concerning the termination of five Kitco employees. On the television station’s motions, the trial court granted summary judgment in favor of the station and dismissed the CEO’s claim under Trial Rule 12(B)(6). On appeal,- we affirmed summary judgment and concluded that the station had not published the broadcast with actual malice. Id. at 590. However, in reviewing the pleadings in the light most favorable to the CEO and drawing every reasonable inference in his favor, we also concluded that the trial court had improperly dismissed the CEO’s claim. Nevertheless, we held that any error in dismissing the claim was harmless since the undisputed facts did not support a finding of actual malice. Id. at 591.