Donald J. **STUART**, Appellant–Respondent,

v.

Alice Jean **PHILLIPS** (Stuart), Appellee–Plaintiff.

No. 03A01–9906–CV–185.

Court of Appeals of Indiana.

Feb. 7, 2000.

Landyn K. Harmon, Dominic W. Glover, Eynon Harmon Rocker & Glover, Columbus, Indiana, Attorneys for Appellant.

Dan A. Patterson, William M. Nash, Jones Patterson Tucker & Grogg, Columbus, Indiana, Attorneys for Appellee.

## OPINION

BAILEY, Judge

### Case Summary

Appellant–Respondent Donald J. Stuart ("Husband") appeals the trial court's grant of Appellee–Petitioner Alice Jean Phillips's (Stuart) ("Wife") Motion to Dismiss Husband's Petition to Modify a marital settlement agreement. We reverse and remand.

### Issue

The parties raise several issues that we consolidate into a single issue and restate as follows: whether it was error for the trial court to dismiss a petition to modify a settlement agreement containing a maintenance provision.[1]

### Facts and Procedural History

In July of 1995, Husband and Wife entered into a marital settlement agreement that included several provisions for Husband to make payments to Wife. The agreement, incorporated into the Dissolution Decree in August of 1995, included, in relevant part, the following provisions:

WHEREAS, it is the desire of both [Wife] and [Husband] to forever settle all property rights and questions arising out of the marriage relationship existing between parties.

NOW, THEREFORE, it is mutually agreed by and between the [Wife] and [Husband]:

. . . .

5. [Husband] agrees to pay directly to [Wife] the sum of $2,650.00 per month for [Wife]'s alimony and it is intended that said alimony shall be taxable to [Wife] and deductible by the [Husband] and said amount shall be paid until and including the year that [Wife] reaches age 65. That [Husband] shall additionally pay the sum of $2,000.00 each year for retirement purposes and said amount shall be paid until and including the year that [Wife] reaches age 65. . . .

6. If [Wife] returns to school to receive any certification or advanced degree, she shall receive an amount not to exceed a total of $15,000.00 . . . Said amount shall accommodate [Wife] with her expenses of room & board, tuition and books until [Wife] reaches the age of 55 (d.o.b.07/17/54).

. . . .

8. [Husband] will pay for [Wife]'s health insurance and all health care expenses not covered thereby each and every year and [Husband] will also continue to pay [Wife]'s insurance cost and health care expenses if she remarries;

---

1. The opinion is restricted to this issue, as neither party raised concerns about the specifics of the agreement apart from whether maintenance payments were conditioned on Wife's physical incapacity.

however, cosmetic surgery, not medically necessary, is not included.

9. If [Wife] remarries, alimony will be cut to one-half (½) of the $2,650.00 per month as adjusted by cost of living.

. . . .

12. Parties agree that alimony payments and education expenses paid to [Wife] by [Husband], shall be adjustable each year from the date of this decree, and shall increase each year by the amount indicated by the rise of the consumer price index.

. . . .

15. It is acknowledged that [Wife] has Multiple Sclerosis, and that said diagnosis is chronic. The division of property and continuing maintenance and alimony takes into consideration that [Wife]'s disability will affect her ability to support herself, and she may have continuing health problems.

(R. 8–11).

On February 11, 1999, Husband filed a Verified Petition to Modify, stating, in relevant part:

2. That the parties were divorced by the incorporation of a Separation Agreement into a Decree of Dissolution entered in this Court on the 17th day of August, 1995.

3. That as a result of [Wife]'s proported [sic] illness, the terms of the Separation Agreement require the following from [Husband]: pay monthly alimony to [Wife] and any tax liability that results to [Wife] therefrom, pay money annually into a retirement plan on [Wife]'s behalf, carry medical insurance on [Wife], pay all health care expenses of the [Wife] not covered by insurance, pay for any further schooling of [Wife], carry life insurance through his employment making [Wife] the beneficiary.

4. That since the Decree of Dissolution there has been substantial change of circumstances making the existing order unworkable and warranting modification of the decree.

5. Specifically, the [Wife] has married another individual and [Husband] has married another individual. The extent of [Wife]'s economic dependency on her new husband is such that it warrants the termination of any and all obligations from the [Husband] to the [Wife].

WHEREFORE, [Husband] prays the court grant his Petition to Modify and terminate all alimony and financial obligations from [Husband] to [Wife] making said termination retroactive to the date of filing of this Petition.

(R. 13–14).

On March 9, 1999, Wife filed an Opposition to Verified Petition to Modify and Motion to Dismiss; Motion for Attorney's Fees and Costs. After hearing arguments on the Motion to Dismiss, the trial judge entered an order on April 28, 1999 granting the motion.

### Discussion and Decision

Husband claims that when a maintenance agreement stems from circumstances and economic needs involving a physical incapacity, the provision should be modifiable if a substantial change of circumstances later arises. Specifically, Husband asserts that "this Court should announce a rule that the trial courts are always vested with discretion to modify such maintenance agreements based upon a material change in circumstances whether the Court could have originally ordered them or not." Accordingly, Husband argues that the trial court erred when it dismissed his Petition to Modify the parties' settlement agreement.[2]

### Standard of Review

Indiana Trial Rule 12(B)(6) [3] states in pertinent part:

dismiss is hereby granted. Each party is ordered to pay their own attorney fees." (R. 3).

2. The only details about the court's actual order appear in the Chronological Case Summary, which reads as follows: "Comes now the court and orders that [Wife]'s motion to

3. Although Wife did not specify the Trial Rule on which her Motion to Dismiss rested, the

Every defense, in law or fact, to a claim for relief in any pleading ... shall be asserted in the responsive pleading thereto if one is required; except that at the option of the pleader, the following defenses may be made by motion:

. . . .

(6) Failure to state a claim upon which relief can be granted. . . .

This court has a well-established standard of review for motions to dismiss under T.R. 12(B)(6):

This court views motions to dismiss for failure to state a claim upon which relief can be granted with disfavor because such motions undermine the policy of deciding causes of action on their merits. We view the pleadings in a light most favorable to the nonmoving party, and we draw every reasonable inference in favor of that party. We will not affirm a dismissal under Ind. Rules of Procedure, Trial Rule 12(B)(6) unless it is apparent that the facts alleged in the challenged pleading are incapable of supporting relief under any set of circumstances.

*Hill v. Beghin,* 644 N.E.2d 893, 895 (Ind. Ct.App.1994) (internal citations omitted). Furthermore, this court more recently stated:

When reviewing a 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted, this court accepts as true the facts alleged in the complaint. A T.R. 12(B)(6) motion to dismiss tests the legal sufficiency of the complaint ... We will affirm a successful T.R. 12(B)(6) motion when a complaint states a set of facts, which, even if true, would not support the relief requested in that complaint. Moreover, we will affirm the trial court's grant of a motion to dismiss if it is sustainable on any theory or basis found in the record.

*Minks v. Pina,* 709 N.E.2d 379, 381 (Ind. Ct.App.1999) (internal citations omitted).

### Argument

Husband bases his argument on *Voigt v. Voigt,* 670 N.E.2d 1271 (Ind.1996), where our supreme court addressed the issue of whether a trial court may modify a maintenance obligation stemming from a settlement agreement. In that case, our supreme court upheld a motion to dismiss a petition to modify a maintenance provision of a settlement agreement, stating: "We now hold that a court has no statutory authority to modify a maintenance obligation that arises under a previously approved settlement agreement if the court alone could not initially have imposed an identical obligation had the parties never voluntarily agreed to it." *Id.* at 1280. In distinguishing this case from *Voigt,* Husband asserts that the settlement agreement in the instant case includes a maintenance provision grounded in Wife's incapacity. Husband points to footnote 13 in *Voigt,* wherein the court stated:

[w]e reserve the question whether a court may modify a maintenance obligation that originated in a settlement agreement but that rested on a ground – incapacity, caregiving, or rehabilitation – on which the court could have ordered the same maintenance in the absence of agreement.

*Id.* at 1280 n. 13. Husband claims that the maintenance provision in the settlement agreement specifically arose from consideration of Wife's physical incapacity and presents a question our supreme court expressly reserved in *Voigt.* As such, Husband contends that *Voigt* does not bar his claim for modification of a maintenance provision in the settlement agreement. Conversely, Wife contends that "[t]here is nothing in the Agreement [sic], including

language of the motion indicates that Wife based the motion on T.R. 12(B)(6). In her motion to dismiss, Wife alleged that Husband's petition to modify was either barred by statute or by "clear, unambiguous and settled Indiana law." (R. 17). Such language comports with a 12(B)(6) motion in that Wife asserts the trial court had no authority to make the requested modification, and thus, Husband would have no relief at law.

it's [sic] preamble, that states that *any* of the various financial obligations it contains are to be construed as incapacity maintenance." (Brief of Appellee at 9). (Emphasis in original). Thus, Wife asserts that under *Voigt* the court would not have authority to modify the agreement.

## Analysis

 Indiana law encourages parties to reach agreements settling their affairs without judicial intervention. *Mundon v. Mundon,* 703 N.E.2d 1130, 1134 (Ind.Ct. App.1999). When settlement agreements become merged into a dissolution decree, the court, in most cases, may not modify the agreement over the objection of the other spouse. *Thomas v. Abel,* 688 N.E.2d 197, 201 (Ind.Ct.App.1997); *see also De-Boer v. DeBoer,* 669 N.E.2d 415, 421–422 (Ind.Ct.App.1996); and *Voigt,* 670 N.E.2d at 1280. Our supreme court in *Voigt* established that a settlement agreement including maintenance provisions typically binds the parties. However, Husband correctly asserts that our supreme court expressly reserved the question of whether a court may modify maintenance agreements grounded on incapacity, caregiving, or rehabilitation. *Id.* at 1280 n. 13.

Furthermore, the Court in *Voigt* held that "[a] court has no statutory authority to grant a contested petition to modify a maintenance obligation that arises under a previously approved settlement agreement if the court alone could not initially have imposed an identical obligation had the parties never voluntarily agreed to it." *Id.* at 1280.

"It is the duty of the courts to adjudicate existing controversies between specific parties by interpreting the law...." *Miller v. Mayberry,* 506 N.E.2d 7, 11 (Ind. 1987). We find that by expressly reserving the question of whether a court may modify a settlement agreement grounded in incapacity, caregiving, or rehabilitation, the Court in *Voigt* created an exception to the rule that courts may not modify settlement agreements incorporated into the dissolution decree. Specifically, if the provision falls within the narrow parameters of. maintenance orders that a court may impose without agreement of the parties,[4] then the agreement may be subject to modification under the exception created by our supreme court in *Voigt.*

 The limited record before us reveals questions of fact, the resolution of which could provide relief to Husband in the form of a modification to the agreement. In particular, the settlement agreement provided for Husband to pay (1) $2,650.00 of alimony per month until Wife reaches age sixty-five; (2) $2,000.00 annually for retirement purposes until Wife reaches age sixty-five; (3) Wife's health insurance and all health care expenses even if she remarries; (4) education expenses up to $15,000.00 until Wife reaches age fifty-five. Furthermore, Provision 15 of the agreement states:

> It is acknowledged that [Wife] has Multiple Sclerosis, and that said condition is chronic. The division of property and continuing maintenance and alimony takes into consideration that [Wife]'s disability will affect her ability to support herself, and she may have continuing health problems.

(R. 13–14).

The question before the court is whether the provisions in the agreement are conditioned on Wife's incapacity. If so, then the court must determine whether the maintenance provisions fall within the narrow parameters of maintenance a court may order without agreement of the parties. If the court finds the provisions to fall within such parameters, the court then must de-

---

**4.** Indiana Code section 31–15–7–2 allows a court to order certain payments by one spouse to another spouse following a dissolution if the court finds that (1) a spouse is incapacitated; (2) the spouse lacks sufficient property and serves as the custodian of a child with an incapacity; or (3) that one spouse interrupted his or her education to care for the home or for child care.

termine whether modification of the agreement would be appropriate given the facts and circumstances of the case.

Notwithstanding the exhortation by our supreme court that modification of settlement agreements approaches the limits of the court's statutory authority and review should be done with great restraint, *see Voigt*, 670 N.E.2d at 1279, in the present case we cannot say when reviewing the pleadings in a light most favorable to the nonmoving party that the facts as alleged are incapable of supporting relief under any set of circumstances. Therefore, we reverse the decision of the trial court which dismissed the Petition to Modify and remand to the trial court for proceedings consistent with this opinion.

Reversed and remanded.

KIRSCH, J., and MATTINGLY, J. concur.