**STUART, Donald J., Respondent–Appellant,**

v.

**PHILLIPS, Alice Jean (Stuart), Petitioner–Appellee.**

No. 03S00–0007–CV.

Supreme Court of Indiana.

Sept. 15, 2000

Landyn K. Harmon, Eynon Harmon Rocker & Glover, P.C., Columbus, Indiana, Attorney for Appellant.

Dan A. Patterson, William M. Nash, Jones Patterson Tucker & Grogg, Columbus, Indiana, Attorneys for Appellee.

ON PETITION TO TRANSFER

PER CURIAM.

This case comes before the Court on a petition to transfer filed by Alice Jean Phillips (Stuart) ("Wife") and presents the question reserved in *Voigt v. Voigt,* 670 N.E.2d 1271 (Ind.1996), concerning the authority of a court to modify a spousal maintenance agreement.

In *Voigt,* we held that courts have no statutory authority to modify a maintenance obligation that arises under a previously approved settlement agreement if the court alone could not have initially imposed an identical obligation had the parties not agreed to it. 670 N.E.2d at 1280. However, we expressly reserved the question whether a court may modify a maintenance obligation that originated in a settlement agreement but that rested on a ground—incapacity, caregiving, or rehabilitation—on which the court, by statute, could have ordered the same maintenance absent an agreement. *Id.* at n. 13.

When the Stuarts' marriage was dissolved, Donald Stuart ("Husband") agreed to pay Wife maintenance, and the agreement was incorporated into the final decree. A few years later, Husband petitioned to modify the maintenance agreement. Wife moved to dismiss the petition on grounds the trial court lacked authority to modify the agreed maintenance obligation, and she cited our decision in *Voigt.* The trial court dismissed Husband's petition.

The Court of Appeals reversed. *Stuart v. Phillips,* 723 N.E.2d 463 (Ind.Ct.App. 2000). The Court of Appeals concluded "that by expressly reserving the question of whether a court may modify a settlement agreement grounded in incapacity,

caregiving, or rehabilitation," we had "created an exception to the rule that courts may not modify settlement agreements incorporated into the final decree." *Stuart,* 723 N.E.2d at 467. From this, the Court of Appeals held that "if the provision falls within the narrow parameters of maintenance orders that a court may impose without agreement of the parties, then the agreement may be subject to modification under the exception created by our supreme court in *Voigt.*" *Id.* (footnote omitted).

However, *Voigt* expressly left open the question whether the court may take this action. We therefore disagree with the Court of Appeals that *Voigt* resolves the issue.

While this case pended on transfer, the parties filed a joint motion to dismiss the appeal, stating that their controversy had been settled and that Wife had filed a release of judgment in Bartholomew Superior Court. Because the parties have settled their dispute, it is not necessary to decide the question reserved in *Voigt,* and the question remains open.

Accordingly, we grant transfer and vacate the Court of Appeals opinion.

All Justices concur.